[Civ. No. 36496. Second Dist., Div. One. Aug. 12, 1970.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DALE CATHERINE GREEN et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, District Attorney, Harry Wood, Harry B. Sondheim and Donald J. Kaplan, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Patterson, Weitzman & Alexander, Howard L. Weitzman and Joseph Giovanazzi for Real Parties in Interest.

## OPINION

**LILLIE, J.**—This matter is before us on the People's petition for writ of mandate directing respondent court to annul its order of April 6, 1970, granting defendants' motion under section 1538.5, Penal Code, and suppressing evidence in a pending criminal prosecution against defendants Green and Ramsey. We issued an alternative writ commanding respondent court to annul its order or to show cause why it had not done so. The order not having been annulled on the return day, the cause was heard and argued. We conclude that respondent court had no jurisdiction to rehear the motion under section 1538.5, Penal Code, prior to trial and that the writ should issue.

Defendants, charged with violations of sections 11530.5 and 11531, Health and Safety Code, moved under section 1538.5, Penal Code, to suppress certain evidence on the ground that it was recovered as the result of an illegal entry, search and seizure. The motion was heard on October 8, 1969, before Judge Howard H. Schmidt. At the outset Richard T. Sykes, who represented both defendants, advised the court that while there might be a possible conflict of interests between defendants at trial, "there is no conflict through the 1538.5 hearing," and that he had discussed the matter with both defendants. The judge concurred with counsel and at length

explained to defendants the problem of possible conflict of interests arising out of a single representation so they could not raise the issue at a later time; each defendant, when asked, responded that he understood it.[1] Only then did the hearing on the motion proceed. Six witnesses were called, three for defendants; the motion was argued and denied. On November 6, 1969, within 30 days of the denial, defendants filed in this court petition for writ of prohibition (2d Civ. 35528) whereby they sought reversal of the order denying their motion. On December 23, 1969, the petition was denied without opinion.

Meanwhile defendants retained new and separate counsel and on April 1, 1970, before Judge Schmidt, moved to renew their motion under section 1538.5, Penal Code. Over the People's objection that the court had no jurisdiction to rehear the matter, the motion to renew was granted and the cause transferred to Judge Warren L. Ettinger. On April 3, 1970, defendants sought to have the motion under section 1538.5, Penal Code, heard a second time; again the People objected but Judge Ettinger took "the position inasmuch as new counsel have come into the case—there had been representations at least by counsel that there was by virtue of a conflict inadequate representation—the court giving the benefit of the doubt to the defendants is exercising its discretion and conducting the hearing." The second hearing was had April 6, 1970, upon which the motion was submitted on the transcript of the testimony taken at the first hearing supplemented by additional testimony of Agent Feldman which was substantially the same as that given by him at the first hearing. Judge Ettinger granted the motion and suppressed "all physical evidence."

Petitioner contends that defendants having previously had a hearing and fully litigated the issue of search and seizure on their motion under section 1538.5, Penal Code, which was denied and for reversal of which a petition for writ of prohibition was filed and denied by this court, the trial court had no jurisdiction to hear the same motion a second time before trial.

The record establishes that on their motion of October 8, 1969, defendants had a full hearing at which extensive testimony was taken and the search and seizure issue was argued and decided adverse to them, and that the second hearing was directed to the same motion on the same grounds, raising the same issues and submitted on the same evidence. Moreover, defendants' position in the trial court that now they are represented

---

[1]After extensive explanation to defendants the following colloquy occurred. "[THE COURT] I just want it abundantly clear that this is the position, so it cannot be brought up at a later point; you understand Mr. Ramsey?

"DEFENDANT RAMSEY: Yes.

"THE COURT: Mr. Green, did you understand that?

"DEFENDANT GREEN: Yes."

by new counsel and "by virtue of a conflict" were given inadequate representation on the first hearing, in addition to being no justification for a renewal of the motion before trial, was not well taken for the record demonstrates that the circumstances under which Judge Schmidt allowed them single representation foreclosed their subsequent assertion they were deprived of adequate representation because of it. In the absence of a transcript of the proceedings had on April 1, 1970, we do not know if defendants advanced their claim of inadequate representation to Judge Schmidt at the time he granted their motion to renew but clearly it was a significant factor considered by Judge Ettinger in "exercising [his] discretion and conducting the hearing." ▮ Aside from the fact that relitigation of a 1538.5 motion before trial because of new counsel and a claim of inadequate representation under such circumstances would permit several defendants represented by the same attorney of their own choice, fully understanding the problem of possible conflict of interests and expressly waiving their right to separate counsel, to gamble on the outcome of their motion and, if denied, on their petition to this court, there is no provision in the law for a second hearing on the motion prior to trial which would allow for an exercise of the trial court's discretion.

There is nothing within the ambit of section 1538.5, Penal Code, in the basic philosophy evident in the background of the statute or in any case of which we are aware that makes appropriate the renewal of a motion under section 1538.5 before trial. Section 1538.5, subdivision (i), provides in pertinent part: "After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing"; and subdivision (m), "The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him." Had the Legislature intended to allow before trial the trial court's review, by way of rehearing, of a ruling on a pretrial motion made in the trial court it would have so provided. Construction of section 1538.5 to permit such a rehearing would doubtless result in repeated and endless hearings on each of which the same search and seizure issue would be raised before successive judges until one granted the motion. This may or may not amount to forum shopping but such practice would fail to comport with justice, encourage trial delays impairing the right of both parties to a speedy trial and do violence to the original purpose of section 1538.5, Penal Code—to streamline our criminal court

processes, cut down the number of times a defendant can raise the search and seizure issue prior to conviction and provide an orderly system for litigating the validity of a search and seizure. ■ Under the statute a defendant is entitled to make only one pretrial motion to suppress evidence in the superior court and if it is denied his only remedy is, within 30 days, to seek a writ of mandate or prohibition from this court; if he is unsuccessful and the evidence sought to be suppressed is used against him resulting in conviction he may further pursue his remedy by appeal from the judgment upon which further review of the validity of the search or seizure may be had. (*Thompson* v. *Superior Court,* 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530].) He is not entitled to a second hearing on the motion prior to trial.

Further, we think, the somewhat gratuitous expression of opinion in footnote 1 of *Mesaris* v. *Superior Court,* 4 Cal.App.3d 976, 977-978 [85 Cal.Rptr. 124],[2] notwithstanding, that the language of our Supreme Court in the modification of opinion in *People* v. *O'Brien,* 71 Cal.2d 394, appearing at page 402 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 456 P.2d 969] supports our conclusion. True, the case holds that the trial court did not have jurisdiction to hear a motion under section 1538.5 a second time after the trial had started but the same considerations which compelled that holding apply as well to the rehearing of such a motion prior to trial. If, as *O'Brien* holds, the trial court has no inherent power to rehear a search and seizure motion during trial and no power to rehear emanates from section 1538.5, it is our opinion that neither does the trial court under either its inherent power or the language of the statute have the power to rehear such motion prior to trial. The Supreme Court said: "We do not imply that a defendant who has unsuccessfully moved to suppress a certain item of evidence prior to trial must, in order to preserve his right to complain of the matter on appeal, renew his challenge thereto when that item is subsequently offered at trial. The statute is explicit on this point, declaring in subdivision (m) that 'The proceedings provided for in this section [and other sections not here relevant] . . . shall constitute the sole and exclusive remedies prior to conviction to test the reasonableness of a search or seizure. . . .' Indeed, contrary to the apparent understanding

---

[2]"The timeliness argument is based on the theory that only one motion may be made under section 1538.5; that the trial court had no jurisdiction to entertain the renewed motion; and, thus, that that order was a nullity, leaving only the original order to review—an order made long beyond the time permitted for review by writ. As we indicate, we need not, and do not, pass on the procedural point thus raised, other than to point out that *People* v. *O'Brien* (1969) 71 Cal.2d 394 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 456 P.2d 969], dealing with renewal of a motion at trial, while significant, does not necessarily apply to a renewal prior to trial."

of the parties below, we construe the statute to prohibit the renewal of such a motion at trial if it has previously been made in pretrial proceedings. Subdivision (h) provides that 'If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal, justice or superior court. Furthermore, the court in its discretion may entertain the motion during the course of the trial.' By contrast, subdivision (i) expressly grants a defendant the right to 'renew or make' the motion at a special hearing even though he may already have so moved at his preliminary examination (see subd. (f)). By omitting the word 'renew' from subdivision (h), the Legislature must have intended to limit the operation of that provision to instances in which the motion is 'made' or 'entertained' for the first time at trial." (71 Cal.2d 395, 402.)

Let the writ of mandamus issue directing respondent court to vacate its order of April 1, 1970, granting defendants' motion to renew 1538.5 Penal Code motion, and of April 6, 1970, granting defendants' motion to suppress the evidence.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied September 4, 1970, and the petition of the real parties in interest for a hearing by the Supreme Court was denied October 9, 1970. Peters, J., was of the opinion that the petition should be granted.