[Crim. No. 8872. First Dist., Div. One. Apr. 23, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
LEONARD DUBOSE, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, Robert R. Granucci and George R. Nock, Deputy Attorneys General, for Plaintiff and Appellant.

LeRue J. Grim, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**MOLINARI, P. J.**—The People appeal from an order dismissing, pursuant to Penal Code section 1385,[1] a criminal action in which defendant was charged with possession of heroin (violation of Health & Saf. Code, § 11500). This dismissal immediately followed, and was based upon defendant's successful motion to suppress evidence pursuant to section 1538.5. The cause was apparently dismissed, in furtherance of justice, on the court's own motion on the basis that the only evidence supporting the charge was that vitiated by the suppression order. The People contend

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

that the court erred in granting the motion to suppress and seek review of the suppression order. Such error is reviewable upon an appeal from an order dismissing an action under section 1385. (*People* v. *Foster,* 274 Cal.App.2d 778, 783 [79 Cal.Rptr. 397]; *People* v. *Superior Court,* 273 Cal.App.2d 459, 461 [78 Cal.Rptr. 153].)

The record discloses that defendant made a motion to set aside the information pursuant to section 995 and a motion to suppress evidence under section 1538.5. Both of these motions were denied. Defendant then filed a petition for a writ of habeas corpus in which he alleged that at the time of his arrest on the instant charge he was on parole on his earlier conviction for violating Health and Safety Code section 11500; that the term (2 to 20 years) on this earlier offense was enhanced by virtue of a prior conviction for violation of section 11721 of the Health and Safety Code; that without the prior conviction his term would have been 1 to 10 years; that the prior conviction was invalid for want of representation by counsel; and that at the time of his arrest on the present charge he had served more than 10 years on the earlier conviction for violating Health and Safety Code section 11500. The court found in accordance with the allegations of the petition and granted the writ of habeas corpus invalidating the conviction for violation of Health and Safety Code section 11721.

Defendant then filed a new motion to suppress evidence. At the hearing on the motion to suppress the following evidence was adduced. On June 18, 1969, Inspector William Logan of the San Francisco Police Department went to 1306 Fillmore Street to take defendant into custody pursuant to a "want" issued by the Adult Authority for violation of parole. Logan arrived just as another person was leaving. As he walked into the room, Logan saw a hypodermic needle on the coffee table. Defendant was in bed. Logan informed him that he was under arrest and ordered him to get out of bed. As defendant was getting out of bed, Logan noticed numerous multi-colored rolled balloons in defendant's pajama pocket. He seized the balloons and with a needle pierced one of them.[2] The balloon contained a powdery substance. Defendant was placed under arrest and advised of his rights. The contents of the balloons were subsequently analyzed and found to be heroin. The instant charge followed.

At the hearing on the motion to suppress it was stipulated that the trial court could also consider the evidence adduced at the habeas corpus hearing. Having held the Health and Safety Code section 11721 conviction invalid, and thus having held in effect that defendant's sentence for violating Health and Safety Code section 11500 had expired prior to the issuance of the parole violator warrant, the court concluded that defendant

---

[2]Logan had knowledge that defendant was active in the sale of narcotics.

was not a parole violator at the time of the instant arrest, and that, therefore, his arrest by Logan was invalid. Accordingly, the court determined that since the subject search was justifiable only as incident to a valid arrest, the invalidity of the arrest rendered the products of the search inadmissible in court.

We conclude that the court erred in suppressing the evidence and dismissing the action. We first observe that under section 1538.5 a defendant is entitled to make only one pretrial motion to suppress evidence in the superior court. (*People* v. *Superior Court,* 10 Cal.App.3d 477, 480-481 [89 Cal.Rptr. 223]; see *People* v. *O'Brien,* 71 Cal.2d 394, 402 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 455 P.2d 138, 456 P.2d 969].) If such a motion is denied the defendant may, within 30 days, seek review by a writ of mandate or prohibition in the Court of Appeal (§ 1538.5, subd. (i)), or he may forego such remedy and complain of the matter on appeal if he is convicted and the evidence sought to be suppressed was used at the trial (§ 1538.5, subd. (m)). If the defendant is unsuccessful in his petition for mandate or prohibition in the Court of Appeal he may seek further review of the validity of the search and seizure on appeal from a judgment of conviction where the evidence sought to be suppressed was used at the trial (§ 1538.5, subd. (m)). (See *People* v. *Superior Court, supra,* at p. 481; *Thompson* v. *Superior Court,* 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530].)

In the instant case the order suppressing evidence resulting in a dismissal of the action was made at a *second* hearing *prior* to trial pursuant to a *second* motion made under section 1538.5. The trial court, in granting said motion, was therefore acting in excess of its jurisdiction. In so concluding we are not unmindful that the *second* hearing was predicated upon the result of the habeas corpus hearing which occurred subsequent to the hearing of the first motion to suppress pursuant to section 1538.5. A defendant has the right to make a motion to suppress under section 1538.5 where the "opportunity . . . did not exist or the defendant was not aware of the grounds for the motion," (subd. (h)) *only* where the motion is made for the first time at trial. (*People* v. *O'Brien, supra,* 71 Cal.2d 394, 402.)

Assuming, *arguendo,* that the trial court had jurisdiction to entertain a second motion pursuant to section 1538.5, it was not justified in suppressing the subject evidence because that evidence was obtained legally. The admissibility of the evidence depends on the legality of Logan's entry into defendant's home for the purpose of taking defendant into custody for violation of parole. We observe here that no search was conducted. The hypodermic kit was in plain sight on a coffee table when

Logan entered defendant's home and the balloons were observed in the pocket of defendant's pajamas as he got out of bed. The only issue, therefore, is whether Logan had a right to be in the place where the contraband was in plain sight.

Defendant does not claim that the facts were insufficient to justify the issuance of the parole violator warrant. His sole contention is that at the time he was arrested by Logan he was not a parolee. The People contend, however, that at the time Logan entered defendant's home for the purpose of arresting defendant for a violation of parole he was legally a parolee and that, therefore, the entry was legal. The People assert that the subsequent judicial action altering defendant's status did not operate retroactively to void the entry. We agree.

In reviewing the legality of Logan's conduct, we look only at the facts and circumstances presented to him at the time he was required to act. (*People* v. *Ferguson*, 214 Cal.App.2d 772, 775 [29 Cal.Rptr. 691]; *People* v. *Hollins*, 173 Cal.App.2d 88, 92 [343 P.2d 174].) At the time Logan entered defendant's home, he had knowledge that an all-points bulletin and parole violator warrant ("want") had been issued for defendant. He was entitled to make an arrest upon the basis of this information because it was received from official sources.[3] (*People* v. *Webb*, 66 Cal.2d 107, 112 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Kraps*, 238 Cal.App.2d 675, 679 [48 Cal.Rptr. 89]; *People* v. *Schellin*, 227 Cal.App.2d 245, 251 [38 Cal.Rptr. 593]; see *People* v. *Rosales*, 68 Cal.2d 299, 302 [66 Cal.Rptr. 1, 437 P.2d 489].) It was also his duty to execute such warrant "in like manner as ordinary criminal process." (§ 3061; *People* v. *Rosales, supra,* at pp. 303-304; see § 816.) Logan's entry, therefore, was lawful.

We observe, moreover, that defendant's arrest was not vitiated or rendered unreasonable because it was subsequently determined that he was not a parolee at the time of his arrest. At the time of his arrest, defendant's legal status was that of a parolee whose parole was subject to revocation for cause (§§ 3060, 3063). He was also, at that time, deemed an "escape and fugitive from justice." (§ 3064; *People* v. *Rosales, supra,* 68 Cal.2d 299, 303-304.) This status continued pending ultimate disposition of the charges of parole violation by the Adult Authority. (*In re Cleaver*, 266 Cal.App.2d 143, 154-155, 157-159 [72 Cal.Rptr. 20].)

█ The status of a prisoner subject to administrative decisions of the

---

[3]We observe that an arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of the arrest. (§ 842; *People* v. *Webb*, 66 Cal.2d 107, 112, fn. 2 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708].)

Adult Authority in the administration of the indeterminate sentence provisions of the Penal Code may be altered through judicial interference in a proper case. (*In re Olden,* 69 Cal.2d 845, 849 [73 Cal.Rptr. 229, 447 P.2d 341]; *In re Mills,* 55 Cal.2d 646, 653-654 [12 Cal.Rptr. 483, 361 P.2d 15].) Accordingly, such judicial interference is proper where it corrects judicial error. (*In re Olden, supra; In re Mills, supra.*) But until such correction is effected we apprehend that the term and status of a prisoner, who is under the jurisdiction of the Adult Authority pursuant to a judgment of conviction which has not been judicially set aside or modified, continues as fixed and determined by the Adult Authority pursuant to the powers vested in it by the Legislature. By the same token a prisoner is subject to the disabilities inherent in such status.

The basic proposition that an individual is subject to all the disabilities of a judgment, commitment or sentence which, though voidable, has not been judicially voided can be supported by reference to analogous factual situations. In *People* v. *Banks,* 53 Cal.2d 370, 388 [1 Cal.Rptr. 669, 348 P.2d 102], the Supreme Court held that it was no defense to a charge of violating section 12021 (possession of firearm by a convicted felon) that the underlying felony of which the appellant was convicted was subject to being expunged under section 1203.4, thus releasing him from all disabilities resulting from the crime of which he was convicted. The court rejected the appellant's argument that his failure to go through with the procedure prescribed by section 1203.4, which the appellant had the right to have performed at any time, should not determine that he was guilty of a felony because " 'such a result would glorify form over substance to an absurd extent.' " (At p. 388.)

In *People* v. *Hinze,* 97 Cal.App.2d 1 [217 P.2d 35], it was held that there was no error, in a prosecution for escape, in excluding evidence proving that the underlying conviction, judgment and sentence were void because defendant was not informed of his constitutional right to counsel. The court assumed the invalidity of the underlying conviction but stated: " '. . . A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. . . .' " (At p. 5.) In a similar case it was held that "if a defendant has reason to believe that his imprisonment is illegal he must apply for his release and not take it upon himself to terminate his incarceration by escaping." (*People* v. *Ganger,* 97 Cal.App.2d 11, 13 [217 P.2d 41].)

In the present case defendant's prison term had not legally expired when he was placed on parole, and it was not reduced until such time as it was judicially determined in the habeas corpus proceeding that the prior

conviction for violation of Health and Safety Code section 11721 was invalid. Until that determination was made defendant was a parolee and subject to arrest for a violation of parole.

The order dismissing the action is reversed; the trial court is directed to set aside the order suppressing evidence.

Sims, J., and Elkington, J., concurred.