[L.A. No. 30412. In Bank. Aug. 26, 1975.]

RICHARD SIERRAS MADRIL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Richard S. Buckley, Public Defender, Harold E. Shabo, Clark E. Shacklett and Michael Rothschild, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Philip J. McCarthy, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**CLARK, J.**—Charged with felony drunk driving (Veh. Code, § 23101) and vehicular manslaughter (Pen. Code, § 192, subd. 3(a)), petitioner seeks a writ of mandate directing respondent superior court to suppress a blood sample withdrawn from him without warrant or consent following a fatal traffic accident.

Respondent court first granted petitioner's suppression motion, then —upon reconsideration—denied it. The initial order was entered at the conclusion of a special hearing conducted pursuant to subdivision (i) of section 1538.5 of the Penal Code. A week later, the People moved to "reopen and reconsider" the 1538.5 motion on grounds that "through haste and inadvertence important areas of inquiry were not fully explored and that there is substantial likelihood that the court's ruling may have been different had the court been made aware of this

additional evidence." The court granted the motion, setting the matter for another special hearing. After a considerable delay, caused in part by petitioner's efforts to obtain a writ restraining it from doing so, the court reversed itself by vacating its original order and denying the suppression motion.

The question presented by this case is whether the court, having once granted petitioner's 1538.5 motion, had jurisdiction to reconsider it *prior to trial.*

Section 1538.5 does not confer such jurisdiction. Subdivision (j) provides in pertinent part: "If defendant's motion is granted at a special hearing in the superior court, the people, if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause *at the trial* why such evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding . . . ." (Italics added.)

In addition to the untimeliness of their motion, the People failed to satisfy at least one other statutory condition precedent to reconsideration. Assuming *arguendo* that the People possessed *additional evidence* to introduce at the second hearing, they failed to show *good cause* why such evidence had not been introduced at the first hearing. After the People made their offer of proof in support of their motion to reopen, the court asked the district attorney, "Were all the facts you now mention known to the officer at the time the arrest was made?" He admitted they were. The reasons then given for failure to present the additional evidence at the first hearing—haste and inadvertence—do not constitute the requisite good cause.

However, the People contend compliance with subdivision (j) was not required because the court possesses *inherent power* to reconsider its order during the 30-day period for review by writ of mandate or prohibition under subdivision (o). The People's position is supported by dictum in *People* v. *Krivda* (1971) 5 Cal.3d 357, 363-364 [96 Cal.Rptr. 62, 486 P.2d 1262] (reiterated (1973) 8 Cal.3d 623 [105 Cal.Rptr. 521, 504 P.2d 457]).

The question actually decided in *Krivda* was whether the superior court, having *denied* a 1538.5 motion at a special hearing, has jurisdiction to reconsider it *prior to trial but after the expiration of the 30-day period for review by writ.* A related question—whether the superior court,

having denied a 1538.5 motion at a special hearing, has jurisdiction to reconsider it *at trial,* had been considered in *People* v. *O'Brien* (1969) 71 Cal.2d 394 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 456 P.2d 969].

Finding no authorization in section 1538.5 for reconsideration at trial of a suppression motion previously denied at a special hearing, *O'Brien* construed the statute to prohibit such reconsideration. "The statute is explicit on this point, declaring in subdivision (m) that 'The proceedings provided for in this section [and other sections not here relevant] . . . shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure. . . .' Indeed, contrary to the apparent understanding of the parties below, we construe the statute to prohibit the renewal of such a motion at trial if it has previously been made in pretrial proceedings. Subdivision (h) provides that 'If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal, justice or superior court. Furthermore, the court in its discretion may entertain the motion during the course of the trial.' By contrast, subdivision (i) expressly grants a defendant the right to 'renew or make' the motion at a special hearing even though he may already have so moved at his preliminary examination (see subd. (f)). By omitting the word 'renew' from subdivision (h), the Legislature must have intended to limit the operation of that provision to instances in which the motion is 'made' or 'entertained' for the first time at trial." (71 Cal.2d at p. 403.)

*People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202] reaffirmed *O'Brien,* pointing out that "the intent underlying [section 1538.5] was to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings." (4 Cal.3d at p. 610, citing 22 Assem. Interim Com. Rep. No. 12 (1965-1967) p. 13, 2 Appendix Assem. J. (1967 Reg. Sess.).)

Relying on *O'Brien* and *Edmonds, Krivda* held that the superior court lacks jurisdiction to consider a renewed suppression motion prior to trial, following the 30-day period within which to seek extraordinary relief. "[I]t seems apparent from the language of subdivision (i) of section 1538.5 that the Legislature, in order to reduce the time spent in

relitigating search and seizure questions, intended that the court's order denying a motion to suppress should, in the absence of a timely request for extraordinary appellate relief, become final 30 days thereafter and not subject to further review until an appeal is taken following trial. Otherwise considerable judicial time could be expended in rehearing and redetermining matters which had already been fully litigated, thereby possibly delaying the trial of the case." (5 Cal.3d at p. 363.)

However, *Krivda* continued by dictum—now relied on by the People—that "until the 30-day period has expired and the order has become final, the court should have the inherent power, prior to trial, to reconsider and 'reopen' its prior ruling." (5 Cal.3d at p. 363.) The only authority cited in support of this proposition was *People* v. *Leighter* (1971) 15 Cal.App.3d 389, 393-395 [93 Cal.Rptr. 136]. Not mentioned in this regard were *People* v. *Superior Court (Green)* (1970) 10 Cal.App.3d 477 [89 Cal.Rptr. 223][1], a case *Leighter* went to great pains to distinguish, and *People* v. *Dubose* (1971) 17 Cal.App.3d 43 [94 Cal.Rptr. 376], decided after *Leighter* but before *Krivda*. *Green* and *Dubose* are clearly inconsistent with the *Krivda* dictum. "Under [section 1538.5] a defendant is entitled to make only one pretrial motion to suppress evidence in the superior court; if it is denied his only remedy is, within 30 days, to seek a writ of mandate or prohibition from this court; if he is unsuccessful and the evidence sought to be suppressed is used against him resulting in conviction he may further pursue his remedy by appeal from the judgment upon which further review of the validity of the search or seizure may be had. He is not entitled to a second hearing on the motion prior to trial." (*People* v. *Superior Court (Green), supra,* 10 Cal.App.3d at p. 481, citation omitted; accord, *People* v. *Dubose, supra,* 17 Cal.App.3d at p. 47.)

Upon further consideration, we conclude that the intent of the legislation is better served by the *Green-Dubose* rule. ■ Therefore, disapproving *Leighter* and the *Krivda* dictum, we hold that determination of a 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives that court of jurisdiction to reconsider the matter unless the People, pursuant to

---

[1] *Green* was mentioned at an earlier point in *Krivda*, in support of the proposition that no renewal of a suppression motion should be permitted following the expiration of the 30-day period for seeking extraordinary relief. *Green* did involve more than a 30-day delay. However, the opinion attaches no significance to that fact, simply holding that a renewed motion, whenever made, is beyond the court's jurisdiction.

subdivision (j), seek to reopen the matter *at trial* upon a showing of good cause.

The writ is issued.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.