[Crim. No. 27951. Second Dist., Div. Four. Sept. 16, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
LEVERT WINSLOW YOUNG et al., Defendants and Respondents.

**COUNSEL**

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Barry R. Levy, Deputy District Attorneys, for Plaintiff and Appellant.

Ulysses Burns, Maurice C. Sparks and Martin G. Castillo for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—Defendants were charged in 11 counts with various narcotic offenses and with various possessions of firearms. They duly moved, under section 1538.5 of the Penal Code, to suppress evidence obtained as a result of their arrest and a search of the residence of defendant Young. The motion was denied by Judge Keene on December 17, 1974. Thereafter, the defendants moved, before Judge Baffa (to whom the case had been duly transferred) to "reopen" their previous motion. After receiving offers of proof and argument, Judge Baffa granted the request to reopen and granted the motion to suppress. The case was then dismissed. The People have appealed under paragraph (7) of subdivision (a) of section 1238 of the Penal Code. We affirm.

No issue is raised on this appeal as to the correctness of Judge Keene's original order denying the motion to suppress and the People do not, on this appeal, attack the correctness of Judge Baffa's order. ■ The sole issue raised and argued is whether Judge Baffa had jurisdiction to

entertain, prior to trial,[1] the request to reopen the motion and to rule on it after reopening.

Although the request was, in form, to "reopen" the hearing on the motion, in fact defendants sought to, and did, make a new motion, based on newly discovered evidence. At the hearing before Judge Keene, the People had relied, in support of their contention that there were reasonable grounds for the arrests and searches, on information received from a confidential informer named Nash. The motion before Judge Baffa was based on evidence, allegedly newly discovered, that, in fact, Nash had not been an informer in the present case.[2]

In support of their appeal, the People rely on the decision of the Supreme Court in *Madril* v. *Superior Court* (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33]. We do not regard *Madril* as controlling on the facts of this case.

(1) In *Madril,* as in *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202], the second motion was based on the same evidence as had been before the court at the first hearing or on evidence then known to the moving party. But *Edmonds* distinguishes the situation now before us. The *Edmonds* court said (at p. 611):

"It should be emphasized that the *O'Brien* rule is limited to preventing the renewal of a prior motion to suppress, rather than the making of a new motion based upon grounds either unavailable or unknown to defendant at the time his prior motion was denied. (Pen. Code, § 1538.5, subd. (h).) Thus, for example, if there occurred an intervening change in the applicable law *or the discovery of new evidence in support of suppression,* the trial court could entertain a new motion based upon such grounds. In the instant case, however, defendant asserted no new grounds in support of his renewed motion to suppress." (Italics added.)

(2) The motion heard by Judge Baffa was, for all significant purpose, one made "at trial." On May 21, 1975, the case had been assigned to

---

[1]Since the request to reopen was based on facts unknown to defendants at the time of the hearing before Judge Keene, they could have renewed their motion at trial. (Pen. Code, § 1538.5, subd. (h).)

[2]Since, as we point out in the text, the People do not here attack Judge Baffa's order on its merits, we need not, and do not, consider whether the evidence produced by defendants justified the order made.

Judge Baffa's department for all purposes and it had been set for trial, in the department, for June 10, 1975. The motion and the trial were continued from time to time until September 30, 1975, on which date the motion was heard and the case was dismissed. The motion was heard "prior to trial" only in the sense that the court heard the motion, as it could and should, before reaching other trial issues.

For both reasons, Judge Baffa had jurisdiction to entertain the motion made before him. Since his order is not attacked on its merits, it must be affirmed.

The order appealed from is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied on October 7, 1976, and the following opinion was then rendered:

THE COURT.—The People's petition for rehearing is denied. The district attorney misapprehends the scope of our holding. We held only that a defendant, whose pretrial motion to suppress has been denied, but who has a legitimate ground for an in-trial motion, on new grounds, is not barred from presenting that motion by the fact that the trial judge elects (sensibly) to hear the new motion before he gets involved with other trial matters.

We did not hold that where a defendant has, prior to trial, indicated his intention to make a motion to suppress, such a motion loses its pretrial status by the fact that the court sets it for hearing on the day and in the department where the case is also set for trial.

Appellant's petition for a hearing by the Supreme Court was denied November 12, 1976.