[Crim. No. 22357. First Dist., Div. Two. Dec. 21, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES NELSON, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Appellant.

Steven R. Manchester and Manchester & Williams for Defendant and Respondent.

OPINION

**ROUSE, Acting P. J.**—The People appeal from an order dismissing an action against defendant Charles Nelson. The dismissal, ordered by the trial court on its own motion and in furtherance of justice,[1] was made for the reason that defendant's successful motion to suppress evidence pursuant to section 1538.5 left insufficient evidence to prosecute the action.

Defendant was charged in a three-count information with three felony violations, all arising out of or occurring during the execution of a search warrant by police officers at his residence. Counts one and three respectively charged assault with a deadly weapon on a peace officer during which defendant personally used a pistol (§ 245, subd. (b); § 12022.5) and exhibiting a firearm in the presence of a peace officer (§ 417, subd. (b)). Count two charged possession for sale of a controlled substance, cocaine, while armed with a pistol (Health & Saf. Code, § 11351; § 12022, subd. (a)).

On June 11, 1980, following his preliminary examination and arraignment, defendant filed a section 1538.5 motion to suppress evidence on the ground that the officers executing the search warrant failed to comply with the knock-and-notice requirements of section 1531. The motion was denied at a special hearing in superior court, and defendant did not seek review of that decision.[2]

On October 27, 1980, defendant filed a second section 1538.5 motion in the superior court, this time on the ground that the affidavit in support of the search warrant was insufficient to establish probable cause for the warrant to issue. Following a hearing, this second motion was granted and the court quashed the warrant and suppressed all evidence

---

[1]Pursuant to section 1385 of the Penal Code. Unless otherwise indicated, all statutory references are to the Penal Code.

[2]Section 1538.5, subdivision (i), allows a defendant to seek, within 30 days, writ review of an adverse decision rendered at a special hearing.

seized. The court then ordered the action dismissed pursuant to section 1385. The People have filed a timely appeal from that order.[3]

■ The People contend that (1) the court lacked jurisdiction to hear defendant's second pretrial motion to suppress evidence, and (2) assuming the court had such jurisdiction, it erred in granting the motion.[4] The conclusion reached here, that the court lacked jurisdiction to hear defendant's second pretrial motion, makes it unnecessary to consider the People's second contention.

■ As a general rule, a defendant is allowed only one pretrial suppression motion under section 1538.5 in the superior court, and that court is without jurisdiction to hear a second motion. (*Madril* v. *Superior Court* (1975) 15 Cal.3d 73, 77-78 [123 Cal.Rptr. 465, 539 P.2d 33], reaffirmed in *People* v. *Brooks* (1980) 26 Cal.3d 471, 478 [162 Cal.Rptr. 177, 605 P.2d 1306]; *People* v. *Dubose* (1971) 17 Cal.App.3d 43, 47 [94 Cal.Rptr. 376]; *People* v. *Superior Court* (*Green*) (1970) 10 Cal.App.3d 477, 480-481 [89 Cal.Rptr. 223].[5] A second suppression motion may be brought at trial, only upon the narrow grounds that, at the initial motion made before trial, "opportunity for [the new] motion did not exist or the defendant was not aware of the grounds for the motion . . . ." (§ 1538.5, subd. (h); *People* v. *Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 609-611 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People* v. *O'Brien* (1969) 71 Cal.2d 394, 403 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 455 P.2d 138, 456 P.2d 969].) Thus, a defendant is required to raise all available grounds in support of his motion at the initial pretrial hearing in the superior court. As observed by the California Supreme Court in the context of raising new grounds on appeal, "To allow a reopening of the question on the basis of new legal theories to support or contest the admissibility of the evidence would defeat the

---

[3]Section 1238, subdivision (a)(7).

[4]Section 1238, subdivision (c).

[5]Section 1538.5 does provide for two pretrial hearings under circumstances not present in this case. In keeping with its objective of resolving search and seizure issues at an early point in the proceedings, the section provides that if, as here, a search warrant is involved, the motion should be heard before the issuing magistrate (subd. (b)) and may also be made at the preliminary examination (subd. (f)). Then, if the motion is denied and the defendant is either held to answer at the preliminary examination or is indicted, he may renew the motion de novo at a special hearing in superior court (subd. (i)). In this case, defendant made no challenge before the issuing magistrate or at the preliminary examination; both motions were heard in subsequent special hearings. Defendant had no statutory right to a second hearing.

purpose of Penal Code section 1538.5 and discourage parties from presenting all arguments relative to the question when the issue of admissibility of evidence is *initially raised.*" (*Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 640 [108 Cal.Rptr. 585, 511 P.2d 33]; italics added.) That observation is equally valid in the context of pretrial proceedings, where allowing a defendant to raise each of the grounds for suppression at a separate hearing would result in inefficient use of court time, potentially duplicative presentation of evidence, and the possibility of a delayed trial.

■ There is nothing in the record to indicate that, at the time of his first suppression hearing, defendant was unaware of the ground later raised at the second hearing, i.e., the insufficiency of the supporting affidavit. Obviously, defendant should have raised that ground at the first hearing. If that ground was unavailable or unknown at the time of the first hearing, then the proper procedure would have been to raise the issue at trial under subdivision (h). (*People* v. *O'Brien, supra*, 71 Cal.2d 394, 403.) In *People* v. *Dubose, supra*, 17 Cal.App.3d 43, the court expressly refused to extend the statutory exception of subdivision (h) to allow a second *pretrial* motion based on newly discovered evidence. In *Dubose*, the defendant predicated a second section 1538.5 motion on evidence derived from a habeas corpus hearing held subsequent to his first motion. The court emphasized that the subdivision (h) exception for lack of opportunity or unknown grounds applies "*only* where the motion is made for the first time at trial." (*Id.*, at p. 47.)

Lacking statutory authority for a second pretrial hearing in this case, defendant first urges that the policy reasons behind the enactment of section 1538.5 support allowing it. The legislative history of the section reveals no convincing support for his position.

■ Recently, in *People* v. *Brooks, supra*, 26 Cal.3d 471, the California Supreme Court noted that section 1538.5 was enacted primarily to redress three deficiencies in previously existing procedures: "(i) the unnecessary expenditure of time and effort in allowing repeated challenges to the legality of a search or seizure during the course of a criminal proceeding; (ii) the waste of jury time in permitting search and seizure questions to be raised during trial, since the determination of these issues takes place outside the presence of the jury; and (iii) the lack of adequate opportunity for the prosecution to obtain appellate review of an adverse decision on a search and seizure question before trial commences and jeopardy attaches. [Citations.]" (*Id.*, at pp. 475-476,

citing 22 Assem. Interim Com. Rep. (1965-1967) No. 12, Search and Seizure, pp. 13-16, 2 Appen. to Assem. J. (1967 Reg. Sess.).) Obviously, a second pretrial hearing would not waste jury time, and, subject to their available manpower to prosecute multiple appeals, the People's right under subdivision (o) to appeal from an adverse decision would remain unaffected. To that extent then, a second pretrial hearing might be considered consonant with legislative policy. However, a second hearing flies directly in the face of a declared legislative purpose of preventing the unnecessary expenditure of time resulting from multiple suppression hearings. Allowing more than one hearing would invite abuse, since a defendant may prefer to "forum shop" by raising each ground separately and possibly before different judges. (See *People* v. *Superior Court* (*Green*), *supra*, 10 Cal.App.3d 477, 480-481.) We are not persuaded by defendant's argument on this point.

Defendant claims, also, that the facts of this case fall within the rule of *People* v. *Brooks, supra*, 26 Cal.3d 471, which allows a second pretrial suppression hearing in certain circumstances in order to afford a defendant a full hearing. He reads the holding in that case too broadly.

In *Brooks*, a defendant moved to suppress evidence obtained pursuant to a search warrant, challenging *both* the warrant's validity and its execution. At the hearing, the trial court granted the motion *solely* on the ground of the warrant's invalidity. Having thus disposed of the motion, the court then refused to hear defendant's alternate ground concerning the warrant's execution. The court dismissed the action pursuant to section 1385, and the People appealed from the dismissal, obtaining a reversal. Defendant then filed a second motion, renewing his prior challenge to the warrant's execution. Again, the court granted the motion and dismissed the action. On appeal from this second dismissal, the People contended that the court lacked jurisdiction to entertain the second motion. The Supreme Court disagreed. Noting that "[d]uring the first hearing defendant lacked opportunity for a full determination of the merits of his motion as originally made and noticed," the court held that "the trial court had jurisdiction to entertain defendant's renewed motion for the purpose of affording him the full hearing to which he was initially entitled." (*People* v. *Brooks, supra*, 26 Cal.3d at p. 475.)

Despite some factual similarity, *Brooks* is entirely distinguishable from this case. The crucial distinction is that in *Brooks* the defendant

had raised all potential challenges to the search and seizure in his initial motion so that when the trial court declined to consider one of the grounds raised, the defendant was, in a real sense, deprived of a full hearing. The court in *Brooks* emphasized that "it was always defendant's intention to move to suppress on both grounds" (*People* v. *Brooks, supra,* 26 Cal.3d at p. 480) and further stressed, "The significant observation is that the court, having suppressed the evidence on one ground, was unwilling—indeed, deemed it unnecessary—to consider the alternate ground urged for suppression. Thus defendant was deprived of an opportunity for a full hearing on the merits of his entire motion to suppress *as initially made.*" (*Id.,* at pp. 480-481; italics added.) In contrast to *Brooks,* the defendant here raised a ground for suppression at the second hearing which was not raised at the first. Hence defendant's second hearing was not a completion of his first motion "as initially made" (*id.,* at p. 481) or, as phrased earlier in the *Brooks* opinion, "as originally made and noticed" (*id.,* at p. 475). *Brooks,* therefore, is inapplicable to the present case.

We conclude that, having failed to show good cause why the sufficiency of the affidavit offered in support of the search warrant was not challenged at the initial section 1538.5 hearing, defendant was not entitled, under section 1538.5, to a second pretrial suppression hearing, and that the trial court acted in excess of its jurisdiction in hearing such second motion; moreover, that the facts of defendant's case do not fall within the exception announced in *People* v. *Brooks, supra,* 26 Cal.3d 471.

The order dismissing the action is reversed. The trial court is directed to set aside the order quashing the search warrant and suppressing evidence and to resume further proceedings.

Miller, J., and Smith, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 25, 1982.