[No. B054084. Second Dist., Div. Seven. June 2, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK CURTIS RAMIREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are: Facts and Proceedings, section II and the Disposition.

1584

### Counsel

Conrad Petermann, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Robert F. Katz and Kristofer Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

### Opinion

**JOHNSON, J.**—Appellant, Patrick Curtis Ramirez, appeals from a judgment of conviction for robbery following a jury trial. We affirm.

#### Facts and Proceedings Below

Appellant, Patrick C. Ramirez, was convicted after a jury trial of the November 12, 1989, robbery of a Radio Shack electronics store in Culver City. The jury found true the special allegation appellant used a firearm during the commission of the robbery.

Prior to trial, appellant made two motions relevant to this appeal. The first was his request for self-representation. After a series of delays and continuances, the court rescheduled trial for June 11, 1990. On that day, appellant formally moved for a substitution of counsel pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]. After a hearing on the matter, the court denied appellant's *Marsden* motion. The court then notified the parties the case would be held over until Monday, June 18th. Appellant immediately made an impromptu request for self-representation. The court denied the request after appellant stated he would not be prepared to proceed to trial on June 18th.

The second motion was appellant's pretrial motion to suppress evidence pursuant to Penal Code section 1538.5.[1] Appellant sought to suppress evidence seized pursuant to warrantless searches of his car and home. Appellant contended he did not personally consent to the search of his car and his wife did not voluntarily consent to the search of the family home.

The original hearing on appellant's suppression motion took place over the course of the three days preceding the actual commencement of trial. On the second day of the hearing, the trial court denied appellant's motion to suppress evidence seized from his car. On the third day, the court suppressed evidence seized from appellant's home on the ground the People had not established by "clear and convincing evidence" Mrs. Ramirez voluntarily consented to the search. On the very next day, the People moved for reconsideration of the issue, arguing the court applied the wrong standard of proof to the issue of consent. The court reconsidered the motion under the correct standard and denied the motion to suppress evidence seized from the home.

Appellant contends the trial court erred in denying his motion for self-representation and in reconsidering its ruling suppressing evidence.

## DISCUSSION

### I. IT WAS WITHIN THE TRIAL COURT'S DISCRETION TO DENY APPELLANT'S REQUEST TO PROCEED IN PROPRIA PERSONA*

. . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 1583.

## II. THE TRIAL COURT DID NOT ERR IN RECONSIDERING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE THE COURT SOUGHT TO CORRECT ITS OWN CLEAR LEGAL ERROR AND DID NOT REWEIGH THE FACTUAL BASES FOR THE RULING.

Appellant contends the trial court erred by reconsidering its pretrial ruling suppressing evidence seized from his home. In order to fully address appellant's contention, a play-by-play description of the lengthy suppression hearing is required.

The trial court began hearing argument on the motion on June 26, 1990. On the morning of Wednesday, June 27th, the trial court denied the motion to suppress evidence seized from appellant's car, finding sufficient evidence of appellant's consent to the search.

That afternoon, the trial court began hearing argument on the legality of the home search. Argument continued on Thursday, June 28th. On the afternoon of the 28th, the trial court granted appellant's motion to suppress evidence seized in his home, finding insufficient evidence appellant's wife consented to the search. In making its ruling the trial judge stated, "the problem is that in this situation, quite frankly, . . . the People have convinced me by a preponderance, and that's not enough. You've got to go beyond that and convince me by clear and convincing evidence. . . ."

On Friday, June 29th, the People requested the court reconsider its ruling suppressing evidence seized from appellant's home on the ground the court had applied the wrong standard of proof for determining consent to the search. On the afternoon of June 29th, the court vacated its partial grant of the suppression motion for the purpose of determining whether it had jurisdiction to reconsider the issue. The jury was sworn in later that day.

On the morning of Monday, July 2d, and before proceedings commenced before the jury, the court determined it had jurisdiction to reconsider the motion. The court further determined reconsideration was proper because it had applied the wrong standard of law in its ruling.[2]

The court allowed the parties to reargue the issue under the correct standard of proof for the remainder of the morning. The court ultimately denied the motion, finding the People established Mrs. Ramirez consented to

[2]The judge stated, "I have been operating under [the now obsolete rule of *People* v. *Reynolds* (1976) 55 Cal.App.3d 357 (127 Cal.Rptr. 561)] which shows that proof by clear and convincing evidence is required for consent to warrantless search. . . . But it's clear the cases cited by [the People] have expressly overruled that statement as being erroneous in that case. . . the proper standard is preponderance of the evidence."

the search of the family home by a preponderance of the evidence. Opening statements and the taking of evidence did not commence until the afternoon of Monday, July 2d, 1990.

Appellant does not contest the correctness of the "preponderance" standard, nor does he contend the trial court erred in finding consent by a preponderance of the evidence. Appellant's sole contention on appeal is simply this: the trial court, having once granted the motion, was without jurisdiction to reconsider the issue to correct its own legal error.

In support of this contention, appellant relies on the language of section 1538.5, subdivision (j), and the California Supreme Court's interpretation of that section in *Madril* v. *Superior Court* (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33].

Section 1538.5, subdivision (j) limits the relitigation of motions to suppress evidence. It states in pertinent part:

"If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence . . . . is granted at a special hearing in the superior court, the people, if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause at the trial why such evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding, or the people may seek appellate review as provided in subdivision (o), . . ."

The California Supreme Court had occasion to interpret section 1538.5, subdivision (j) in *Madril* v. *Superior Court, supra,* 15 Cal.3d 73. In *Madril,* the trial court granted the defendant's suppression motion after a special hearing. One week later, the People moved to "reopen and reconsider" the motion arguing "through haste and inadvertence" the People failed to present additional evidence in its possession at the earlier hearing. The court granted the People's motion to reconsider, and after considerable delay, reversed itself by vacating its original order and denying the suppression motion. (*Id.* at p. 74.) Defendant sought a writ of mandate.

The Supreme Court issued the writ and ordered the trial court to suppress the evidence in accordance with its original ruling. The court quoted the language of section 1538.5, which allows the People to seek reconsideration of the issue at trial, "if they have additional evidence . . . not presented at the special hearing," upon a showing of "good cause *at the trial* why such evidence was not presented at the special hearing and why the prior ruling at

the special hearing should not be binding. . . ." (*Madril, supra,* 15 Cal.3d at p. 75, italics in original.) The court held "haste and inadvertence" did not constitute the requisite good cause for the People's failure to present the additional evidence at the special hearing.

The court rejected the notion trial courts have the inherent power to reconsider section 1538.5 rulings during the 30-day period for review by writ, as suggested in *People* v. *Leighter* (1971) 15 Cal.App.3d 389, 393-395 [93 Cal.Rptr. 136], and in dictum in *People* v. *Krivda* (1971) 5 Cal.3d 357, 363-364 [96 Cal.Rptr. 62, 486 P.2d 1262]. The court concluded the purpose of the statute, namely, to reduce time spent in relitigating the legality of a search, would be better served by following the decisions in *People* v. *Superior Court (Green)* (1970) 10 Cal.App.3d 477 [89 Cal.Rptr. 223], and *People* v. *Dubose* (1971) 17 Cal.App.3d 43 [94 Cal.Rptr. 376], in which the courts announced a strict rule of law with respect to a *defendant's* right to only one pretrial motion to suppress.[3]

■■■ The *Madril* court went on to pronounce "determination of a 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives that court of jurisdiction to reconsider the matter unless the People, pursuant to subdivision (j), seek to reopen the matter *at trial* upon a showing of good cause." (15 Cal.3d at pp. 77-78, italics in original.)[4]

However, we find neither the language of section 1538.5 nor the rule of *Madril* operates in this case to prohibit the immediate reconsideration of a

---

[3]"Under [section 1538.5] a defendant is entitled to make only one pretrial motion to supress evidence in the superior court and if it is denied his only remedy is, within 30 days, to seek a writ of mandate or prohibition from this court; if he is unsuccessful and the evidence sought to be suppressed is used against him resulting in conviction he may further pursue his remedy by appeal from the judgment upon which further review of the validity of the search or seizure may be had." (*Green, supra,* 10 Cal.App.3d at p. 481; accord, *Dubose, supra,* 17 Cal.App.3d at p. 47).

The court in *Green* reasoned affording defendant multiple hearings would invite abuse by allowing defendants to "forum shop" by raising each ground for suppression separately, before different judges, until the evidence was ultimately suppressed. (*Green, supra,* 10 Cal.App.3d at pp. 480-481.)

[4]Despite this seemingly unequivocal prohibition against relitigating the legality of a search, the rule of *Madril* has been subsequently "bent" in the interests of justice. Under the current law, a defendant is entitled to renew a suppression motion in the trial court where the original motion was denied without a determination on the merits (*Moreno* v. *Superior Court* (1978) 80 Cal.App.3d 932, 935 [146 Cal.Rptr. 35]), where defendant was not afforded a full and fair opportunity to litigate the issues raised in the original motion (*People* v. *Brooks* (1980) 26 Cal.3d 471 [162 Cal.Rptr. 177, 605 P.2d 1306]; *People* v. *Superior Court (Corona)* (1981) 30 Cal.3d 193, 199 [178 Cal.Rptr. 334, 636 P.2d 23]; *People* v. *Lopez* (1981) 116 Cal.App.3d 600, 604 [172 Cal.Rptr. 236]; *People* v. *Cella* (1981) 114 Cal.App.3d 905, 913 [170 Cal.Rptr. 915]), or where the original motion was heard in a different county pertaining to different charges (*People* v. *Gephardt* (1979) 93 Cal.App.3d 989, 993-997 [156 Cal.Rptr. 489]).

suppression motion, where the trial court applied a clearly erroneous legal standard in its original ruling.

■ The statutory language of section 1538.5 does not prevent the trial court from correcting its own legal error before trial. Under the peculiar facts of this case, it appears the People may not have been subject to the required showing of section 1538.5, subdivision (j), because they requested reconsideration immediately after the erroneous ruling and before trial commenced. That section states "the people . . . shall have the right to show good cause *at the trial* why such evidence was not presented at the special hearing." (Italics added.) Here, the People sought reconsideration of the issue on the morning following the trial court's original ruling. At that time, jury voir dire continued and the jury had not yet been sworn. Indeed, the court did not begin hearing testimony in the principal case until the following Monday, after the trial court reconsidered the issue under the correct standard of proof and denied defendant's motion. Thus, there is a strong, albeit technical, argument the requirements of section 1538.5, subdivision (j) do not apply to the People in this scenario, because they did not request reconsideration of additional evidence "at the trial," but a reconsideration of the appropriate legal standard for the same evidence *before* trial commenced and immediately after the trial court's erroneous evidentiary ruling.

■ Furthermore, allowing reconsideration under these limited circumstances furthers the legislative purpose of section 1538.5. Section 1538.5 was enacted primarily out of a concern for judicial efficiency and economy. In *People* v. *Brooks, supra,* 26 Cal.3d 471, the California Supreme Court noted the statute was enacted to address the following three deficiencies in then-existing suppression motion procedures:

"(i) the unnecessary expenditure of time and effort in allowing repeated challenges to the legality of a search or seizure during the course of a criminal proceeding; (ii) the waste of jury time in permitting search and seizure questions to be raised during trial, since the determination of these issues takes place outside the presence of the jury; and (iii) the lack of adequate opportunity for the prosecution to obtain appellate review of an adverse decision on a search and seizure question before trial commences and jeopardy attaches." (*Id.* at pp. 475-476; see also 22 Assem. Interim Com. Rep. (1965-1967), No. 12, Search and Seizure, pp. 13-16, 2 Appen. to Assem. J. (1967 Reg. Sess.).) In accordance with these purposes, the Legislature devoted most of its attention in the statute to prohibiting criminal *defendants* from renewing motions. (See § 1538.5, subds. (i), (m).) Likewise, many of the decisions addressing relitigation of suppression motions emphasize the statute's purpose to avoid abuse of suppression motions by defendants. For example, the court in *People* v. *Nelson* (1981) 126 Cal.App.3d 978

[179 Cal.Rptr. 195], reasoned the legislative purpose of section 1538.5 does not allow defendants to bring successive pretrial motions to suppress. "Allowing more than one hearing would invite *abuse, since a defendant may prefer to 'forum shop'* by raising each ground separately and possibly before different judges." (*Id.*, at p. 983, italics added.)

In this instance, it is the People who sought reconsideration of the court's ruling based on an erroneous standard of law. Prohibiting reconsideration under these circumstances would result in a delay of trial and a waste of judicial resources. The People would be forced to seek a writ of mandate, pursuant to section 1538.5, subdivision (o). The appellate court would be required to review the writ petition and the trial would be delayed during the entire process before the writ issued. The appellate court, in turn, would be required to issue a peremptory writ directing the trial court to correct its clear legal error—an error the trial court recognized and was fully prepared to remedy before the writ petition was even filed—by reconsidering the motion under the proper burden of proof. If judicial economy is a major goal of 1538.5—and it is—then denying trial judges the power to correct rulings based on clear legal error is the wrong way of accomplishing that purpose.

Other states' courts share the view judicial economy is best served by allowing a trial court to reconsider a ruling when it has applied an incorrect legal standard. As stated in *People* v. *Lewis* (Colo. 1983) 659 P.2d 676, 679-680: "The judge presiding over the trial of a case is necessarily responsible for the admission of evidence during the trial and any judgment that might ultimately be entered in the case. . . . It would make little sense to hold that if a judge responsible for any final judgment in the case perceived that a palpable error had been committed in the resolution of a pretrial motion, he nonetheless could take no measures to correct it." (See generally LaFave, Search and Seizure (2d ed. 1987) § 11.2(f), pp. 256-257; see also *State* v. *Thompson* (La. 1984) 448 So.2d 666, 669 revd. on other grounds, 469 U.S. 17 [83 L.Ed.2d 246, 105 S.Ct. 409] ["Although such reconsideration should be sparingly made and limited to instances where the trial judge firmly believes that his prior decision was legally infirm, such reconsiderations do not hamper, but actually promote, judicial efficiency."]; *People* v. *Wagner* (1981) 100 Ill.App.3d 1051 [56 Ill.Dec. 580, 427 N.E.2d 985, 986] ["public policy favors correction of errors at the trial level."].)

▇ Neither should the rule of *Madril* bar reconsideration in this case. In *Madril*, the People waited one week before seeking reconsideration of the section 1538.5 motion. Likewise, in the bulk of cases holding reconsideration inappropriate, a party allowed considerable time to pass before requesting the court to reconsider the issue. (See, e.g., *People* v. *Williams* (1979) 93

Cal.App.3d 40, 59 [155 Cal.Rptr. 414] [defendant did not seek reconsideration until after mistrial, in anticipation of retrial]; *People* v. *Nelson, supra,* 126 Cal.App.3d 978, 981 [reconsideration sought over four months after original motion denied]; *People* v. *Superior Court (Green), supra,* 10 Cal.App.3d at pp. 478-479 [reconsideration sought over six months after original hearing].) In this case, the People sought reconsideration the day following the trial court's erroneous ruling.

More importantly, however, are the distinctly different grounds for reconsideration involved in *Madril* and its progeny as contrasted with the grounds asserted in this case. In *Madril,* the People sought reconsideration because they *failed to present evidence* at the first hearing due to "haste and inadvertence." In stark contrast, the People in this case had a compelling reason to request reconsideration due to the trial court's admitted legal error in applying the "clear and convincing evidence" standard to the issue of consent. The People did not attempt to offer additional evidence in order to secure a different ruling but merely requested the court to apply the appropriate legal standard to the evidence already presented at the special hearing. Nor did the People request the court simply to reanalyze the evidence using the same legal standard in the hope that after reweighing the evidence the court would arrive at a different conclusion. This case is thus distinguishable from those circumstances in which a trial court simply reaches a different conclusion after reconsidering the factual basis for a prior ruling. (See, e.g., *People* v. *Leighter, supra,* 15 Cal.App.3d 389 [trial judge reconsidered motion where he believed he might have been hasty and perhaps mistaken in originally denying it].)

For these reasons, we believe *Madril* is inapplicable to the case at bar. In making its general pronouncement, the *Madril* court could not have contemplated the situation involved in the instant case. Here, the need to reconsider the motion to suppress arose through the fault of neither the defendant nor the prosecution. Rather, the court itself applied the wrong standard of law in granting appellant's original motion. Moreover, while not critical to our decision it is worth noting the court actually announced it would have denied the motion had it applied what turned out to be the *correct* legal standard at the very same time it was granting the motion under an *incorrect* standard. What better evidence could we ask for to support the conclusion the judge's ultimate ruling was based on a reconsideration of the law and not the facts.

On balance, we conclude a trial court should be allowed to reconsider a motion to suppress evidence before the commencement of trial when it has

applied an incorrect legal standard in making its original ruling.[5] Such a holding is consistent with the notions of judicial economy which underlie section 1538.5 as well as a trial court's statutory powers to modify its orders (Code Civ. Proc., § 128; see also *People* v. *Beasley* (1967) 250 Cal.App.2d 71 [58 Cal.Rptr. 485] [judge had authority to reconsider its earlier ruling granting defendant's motion to suppress].)[6]

In holding reconsideration appropriate in this case, we are not resurrecting the blanket proposition, disapproved in *Madril*, that trial courts have the inherent authority to reconsider motions to suppress during the 30-day window for appellate review. Our holding today is much narrower. We simply hold reconsideration of a clear legal error is appropriate where the error is immediately brought to the court's attention and the error is corrected immediately after the ruling and before trial has commenced.

We therefore conclude in these circumstances, the trial court did not err in immediately reconsidering appellant's motion to suppress to correct its own legal error.

---

[5]Several pre-*Madril* cases implicitly recognize the court's inherent power to correct *legal* error. In two cases, courts of appeal issued writs of mandate, ordered the trial courts to vacate their original rulings and remanded the matter back to the same trial court to reconsider the issue using the correct standard of law. (*People* v. *Superior Court* (*Thomas*) (1970) 9 Cal.App.3d 203 [88 Cal.Rptr. 21]; *Cohen* v. *Superior Court* (1970) 5 Cal.App.3d 429 [85 Cal.Rptr. 354].) In *Thomas* and *Cohen*, the parties did not directly request the trial court to reconsider the issue. Instead, the parties followed the procedure of seeking a writ of mandate to vacate the trial court's ruling on the motion to suppress. However, these cases are significant because they remanded the issue to the trial courts for the purposes of reconsidering the motions using the correct standard of law. By so doing, the decisions implicitly acknowledged the trial courts' authority to reconsider motions in which they have previously applied the wrong standard of law.

[6]We acknowledge a line of authority holding errors in the exercise of judicial discretion, or judicial errors, "noncorrectable." (See *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729].) However, this doctrine has been largely applied to prohibit the correction of errors postjudgment. (See *ibid.*; 7 Witkin (3d ed. 1985) Cal. Procedure, Judgment § 66, p. 500.) Furthermore, most cases relying on the doctrine have prevented reconsideration of the *factual bases* for rulings greatly affecting the rights or status of a party. (See, e.g., *People* v. *McGee* (1991) 232 Cal.App.3d 620 [283 Cal.Rptr. 528] [trial court erred by reconsidering the factual basis for its original ruling allowing defendant to withdraw his guilty plea and reinstating a plea of guilty].)

We have found no authority prohibiting reconsideration after a trial court applies the wrong standard of law in an evidentiary matter. Indeed, even the court in *McGee* implicitly sanctioned review of evidentiary rulings by stating: "The order allowing defendant to withdraw his plea is by no means tantamount to a pretrial ruling on the admission of evidence or to an order affecting the process of the criminal trial." (*McGee, supra,* 232 Cal.App.3d at pp. 627-628.)

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

Appellant's petition for review by the Supreme Court was denied August 13, 1992. Arabian, J., Baxter, J., and George, J., were of the opinion that the petition should be granted.