141 Cal.App.3d 496 (1983)
190 Cal. Rptr. 408
THE PEOPLE, Plaintiff and Respondent,
v.
ROBERT MICHAEL THOMAS, Defendant and Appellant.
Docket No. 23524.
Court of Appeals of California, First District, Division Four.
March 29, 1983.
*497 COUNSEL
David Murray, under appointment by the Court of Appeal, for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. *498 Jensen and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[]]
OPINION
RATTIGAN, J.
Defendant Robert Michael Thomas was arrested in Mendocino County while he was in possession of an automobile which had been stolen in Sonoma County. He was charged in Sonoma County with having feloniously taken and driven the automobile and with receiving stolen property. In proceedings to be described, he moved to suppress certain evidence pursuant to Penal Code section 1538.5. The motion was denied, and a jury found him guilty of receiving stolen property. The trial court sentenced him to state prison for a term prescribed by law. He appeals from the judgment of conviction.

I. Procedural Sequence

The principal contention on appeal requires that this sequence be summarized in chronological detail. A police officer arrested defendant in Fort Bragg on June 1, 1981.[1] He was then in possession of a 1980 AMC Concord automobile which had been stolen in Sonoma County on May 28. A two-count complaint was consequently filed against him in the Sonoma County Municipal Court on June 2. He was charged in count I with having taken and driven the automobile on May 28, without the consent of its owner, in violation of Vehicle Code section 10851; in count II, with a violation of Penal Code section 496 in that on May 28 he had received or concealed "property, to wit [the] 1980 AMC Concord ..., knowing that said property had been stolen...."
A preliminary examination on the complaint was conducted in the Sonoma County Municipal Court on June 22. In the course of the proceeding, defendant moved the magistrate for an order suppressing evidence of certain statements he had made to the police officer who had arrested him in Fort Bragg. The motion was made pursuant to Penal Code section 1538.5, subdivisions (a) and (f),[2] on the ground that the evidence was inadmissible because it was the product of *499 an "unreasonable search and seizure" which allegedly occurred when the officer unlawfully detained him without a warrant and without probable cause for his arrest. The magistrate granted the motion and made an order suppressing evidence of the statements. He nevertheless ordered defendant held to answer in the superior court on both charges.
The charges were restated in a two-count information filed against defendant in the superior court on July 2. He was arraigned on that day, and entered pleas of not guilty to both counts. On the same day, the People filed a "Notice of Motion for Relitigation of Suppression Motion" pursuant to section 1538.5, subdivision (j). It was stated in the notice that the People thereby requested "a special hearing in the Superior Court to relitigate the validity of the detention of the defendant" and "the suppression of the defendant's admissions" by the magistrate.
A hearing was consequently conducted in the superior court on July 20. Judge Eymann presided. At the commencement of the hearing, the prosecutor requested that "defendant state for the record the grounds for the motion to suppress." Defense counsel did not respond in those terms, but he stated that he had "moved to suppress everything" in the municipal court and that he was "moving to suppress everything." Judge Eymann thereupon heard testimony by Fort Bragg Police Officer Amalia Borja, who had arrested defendant in that city on June 1. Fort Bragg Police Officer Robert Wade also testified. At the conclusion of the hearing, Judge Eymann ordered the "matter submitted" and continued it for a ruling.
At a hearing called on August 13, Judge Eymann orally announced that "the motion to suppress" was "denied." Defense counsel thereupon stated that he had not "filed a [section] 1538.5 [motion] in [the] superior court" and that he "still would be entitled to do this which would, in effect, mean that we would have a third hearing which ... would properly be in front of a third judge...." Judge Eymann did not rule on whether defendant could make another motion to suppress in the superior court; he was not asked to rule; and the prosecutor neither objected nor commented.
On August 17, defendant noticed a motion, pursuant to section 1538.5, for an order suppressing evidence allegedly obtained as the result of an "unreasonable search and seizure" in Fort Bragg on June 1. An evidentiary hearing on this "motion" was conducted before Judge Jamar on August 31. After hearing testimony from Officer Borja and defendant, Judge Jamar denied the motion from the bench.[3]
*500 Defendant's jury trial commenced on September 1. In a verdict returned on September 3, the jury found him not guilty of the violation of Vehicle Code section 10851 charged in count I and guilty of receiving stolen property as charged in count II.
On October 8, the trial court arraigned defendant for judgment and sentence; denied probation; sentenced him to state prison for the upper term of three years on count II; and awarded him presentence custody credits. Defendant filed a timely notice of appeal from the judgment of conviction.

II. The Rulings Challenged on the Appeal

(1) Claiming error in the suppression proceedings conducted in the superior court, defendant in effect contends that he is entitled to contest the rulings made against him by both Judge Eymann and Judge Jamar. The People have not challenged this contention, but we are required to limit it to Judge Eymann's ruling because the proceedings conducted before Judge Jamar were in excess of the superior court's jurisdiction and of no effect.
After the magistrate had granted defendant's motion to suppress evidence of his statements to the arresting officer, and held him to answer in the superior court, the People requested "a special hearing in the superior court to relitigate" the issues raised on the motion. The request was made pursuant to section 1538.5, subdivision (j). That statute provides that where a defendant charged with a felony moves at his preliminary examination for an order suppressing evidence claimed to have been obtained as the result of an "unreasonable search or seizure" (see § 1538.5, subds. (a) and (f), quoted in fn. 2, ante), and the magistrate grants the motion, the magistrate's ruling shall stand unless the People make a timely request in the superior court for "a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing."[4]
Section 1538.5, subdivision (j), thus describes only the issue which "shall be relitigated de novo," but it provides that this shall occur on "request" by the People and not on "motion." It thus becomes apparent that the request operates to revive the original motion to suppress which the accused had successfully made at his preliminary examination, and that it is the original motion which is *501 actually "relitigated de novo" at the "special hearing" conducted in the superior court at the People's "request." In the context of the present case, the matter "relitigated de novo" at the hearing conducted before Judge Eymann, on and after July 20, was defendant's motion to suppress which the magistrate had granted at his preliminary examination on June 22. This was accurately indicated at the hearing by counsel's references to defendant's "motion to suppress," and by Judge Eymann's subsequent ruling that the "motion to suppress" was denied.
These circumstances invoke the rule, pronounced in a variety of parallel contexts, that "determination of a 1538.5 motion at a special hearing in the superior court  whether in the defendant's or in the People's favor  deprives that court of jurisdiction to reconsider the matter...." (Madril v. Superior Court (1975) 15 Cal.3d 73, 77 [123 Cal. Rptr. 465, 539 P.2d 33]; see also § 1538.5, subd. (m); People v. Superior Court (Edmonds) (1971) 4 Cal.3d 605, 610-611 [94 Cal. Rptr. 250, 483 P.2d 1202]; People v. Dubose (1971) 17 Cal. App.3d 43, 47 [94 Cal. Rptr. 376]; People v. Superior Court (Green) (1970) 10 Cal. App.3d 477, 479-482 [89 Cal. Rptr. 223].) Judge Eymann made a "determination of a 1538.5 motion ... in the superior court," and "in the People's favor," when he denied defendant's motion to suppress after it had been "relitigated" at the People's request pursuant to section 1538.5, subdivision (j).
After Judge Eymann had made this determination, defendant's sole remedy was to seek pretrial review by petitioning this court for extraordinary relief pursuant to section 1538.5, subdivision (i). (People v. Brooks (1980) 26 Cal.3d 471, 476-478 [162 Cal. Rptr. 177, 605 P.2d 1306].) He did not exercise that remedy. Judge Eymann's determination otherwise deprived the superior court of "jurisdiction to reconsider the matter," which means that the hearing conducted before Judge Jamar, on defendant's purportedly renewed motion, was in excess of the court's jurisdiction and of no effect. (Madril v. Superior Court, supra, 15 Cal.3d 73 at p. 77.)
It is immaterial that the People in effect consented to the hearing before Judge Jamar (see fn. 3, ante) because subject matter jurisdiction cannot be conferred on a court by consent. (See In re Marriage of Ben-Yehoshua (1979) 91 Cal. App.3d 259, 263 [154 Cal. Rptr. 80]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 10, p. 534.) The evidence received by Judge Jamar, and his ruling, are accordingly to be disregarded by this court. Our review of defendant's claim of error is limited to Judge Eymann's ruling on the basis of the evidence presented at the special hearing conducted by him alone. (See § 1538.5, subd. (j), quoted in fn. 4, ante.)

*502 III.
. . . . . . . . . . . . . . . . . . . . . . .

IV.
. . . . . . . . . . . . . . . . . . . . . . . .

V.
. . . . . . . . . . . . . . . . . . . . . . . .

Conclusion
We find no error in the denial of defendant's motion to suppress evidence. His other claims of error are without merit.
The judgment of conviction is affirmed.
Caldecott, P.J., and Poche, J., concurred.
A petition for a rehearing was denied April 27, 1983, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1983.
NOTES
[] Certified for publication except as to parts III, IV, and V (Cal. Rules of Court, rules 976(b) and 976.1).
[1] Dates mentioned refer to the calendar year 1981.
[2] Statutory citations after this point are to the Penal Code unless otherwise indicated. At all times relevant to defendant's prosecution, section 1538.5 provided in pertinent part: "(a) A defendant may move ... to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds: [¶] (1) The search or seizure without a warrant was unreasonable.

(2) ".... .... .... .... .... ...
"(f) If the ... evidence relates to a felony offense initiated by a compliant, the motion may be made in the municipal... court at the preliminary hearing." (See Stats. 1977, ch. 137, § 1, pp. 573-574; compare Stats. 1982, ch. 1505, § 6, p. 5843.)
[3] The prosecutor did not at any time object to this motion, or to its being heard. At the hearing before Judge Jamar, no reference was made to the suppression proceedings previously conducted before Judge Eymann.
[4] As pertinent to defendant's prosecution, and in context with subdivisions (a) and (f) of section 1538.5 (see fn. 2, ante), subdivision (j) of the statute provides: "... If the ... evidence relates to a felony offense initiated by complaint and the ... motion ... is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless ... the people within 15 days after the preliminary hearing request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing...." (Italics added.)