[No. F014550. Fifth. Dist. Nov. 8, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT HENRY SCHUNK, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Appellant.

Gregory H. Mitts for Defendant and Respondent.

**OPINION**

MARTIN, Acting P. J.—Respondent, Robert Henry Schunk, was charged with possession of marijuana for sale (Health & Saf. Code, § 11359). On

April 18, 1990, through counsel, respondent filed a motion to suppress evidence pursuant to Penal Code section 1538.5. After several continuances because of respondent's failure to appear at the suppression motion, the motion was denied by the trial court "without prejudice."

On July 23, 1990, after a change of counsel, respondent filed a second motion to dismiss under Penal Code section 1538.5. After an evidentiary hearing on August 2, 1990, the trial court granted respondent's suppression motion and dismissed the information. Appellant filed a timely notice of appeal.

## FACTS

On November 3, 1989, respondent brought his Chevrolet Monte Carlo into B & D Tires & Service in Lake Isabella and requested a front end alignment. In the course of aligning the front end, a co-owner of the shop, Charles Orr, found a duffel bag between the inner left fender and the radiator. There was an odor coming from the bag. Based on his experience in the military police, Orr believed the odor to be that of marijuana. He felt the duffel bag. It felt like it contained crumpled vegetation. Orr opened the top of the bag without moving it and observed what appeared to be marijuana in plastic bags.

Orr called the sheriff's department. When Deputy Schwartz arrived, Orr told him he believed or thought that the duffel bag contained marijuana.

Jeff Schwartz, Kern County Deputy Sheriff, responded to Orr's call. When Deputy Schwartz arrived at the business, Orr told him that he had found a green bag containing what he thought to be marijuana. Deputy Schwartz looked under the hood of respondent's car and saw a green canvas duffel bag. The bag was olive green and approximately 12 inches in diameter. One could not see the contents of the bag without opening it.

When Deputy Schwartz first saw the bag it was in the left front corner of the engine compartment, and the top of the bag was folded closed and the bag was "scrunched."

Schwartz removed the bag, opened it up, and looked inside. Inside the bag he found three clear plastic bags. He opened the bags even though he could see through them. The bags appeared to contain marijuana. Schwartz estimated the amount of marijuana contained in the bags to be approximately two pounds.

Later, respondent appeared at B & D Tires & Service and was arrested by Deputy Schwartz. During the booking search, respondent was found to

possess more marijuana in a cigarette box and he had a notebook that appeared to be a "pay and owe sheet."

## DISCUSSION

### I

■  Appellant, the People, first contends the trial court was without jurisdiction to hear respondent's second motion to suppress after denying his first motion.

As previously stated, respondent's first counsel filed a motion to suppress which, after being continued because of respondent's failure to appear, was ultimately denied by the trial court "without prejudice." Appellant contends the "without prejudice" designation has no legal significance because the trial court had no jurisdiction to rehear the motion absent special circumstances not applicable here. We do note, however, that respondent was not present when the trial court "denied" the suppression motion, that no hearing on the motion was ever held and no evidence for or against the motion was ever presented. In other words, the respondent's suppression motion was never heard on its merits before the denial "without prejudice." We further note the People never objected below at any time to respondent's second suppression motion which was ultimately granted.

Irrespective of these facts, appellant argues:

"Since the motion was previously denied for a valid legal reason, the court was without jurisdiction to hear, much less grant, respondent's renewed motion.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Since the hearing could not proceed in respondent's absence, the trial court properly denied the motion based on respondent's failure to appear." (Citing Pen. Code, § 977, subd. (b).) Appellant contends *People* v. *Thomas* (1983) 141 Cal.App.3d 496 [190 Cal.Rptr. 408] reached such a conclusion in virtually identical circumstances. However, in our view, *Thomas* is distinguishable upon its unusual facts.

In *Thomas*, defendant was arrested in Mendocino County in possession of a car stolen in Sonoma County. He was charged with car theft and receiving stolen property in Sonoma County. At his preliminary hearing, defendant moved to suppress certain statements he had made to the arresting officer upon the grounds that the admissions were the product of an "unreasonable

search and seizure." The magistrate agreed and granted the motion to suppress. However, defendant was held to answer to both counts. In the superior court, the People filed a "Notice of Motion for Relitigation of Suppression Motion" pursuant to Penal Code section 1538.5, subdivision (j). The People thereby requested "a special hearing in the superior court to relitigate the validity of the detention of the defendant" and "the suppression of the defendant's admissions" by the magistrate. A hearing was subsequently conducted, testimony was taken, and after submission, the court ruled that "the motion to suppress" was "denied." Defendant's counsel then filed a noticed motion, pursuant to Penal Code section 1538.5, a third motion as it were, for an order suppressing evidence allegedly obtained as the result of an "unreasonable search and seizure." A third judge heard the motion, without objection from the prosecution, and, after hearing, denied the motion.

On appeal, defendant Thomas contended he was entitled to contest the rulings made against him in both the second and third suppression motions. The First District Court of Appeal rejected defendant's argument and affirmed. The court explained that as to the second motion, the People's request for a special hearing was pursuant to Penal Code section 1538.5, subdivision (j):

"That statute provides that where a defendant charged with a felony moves at his preliminary examination for an order suppressing evidence claimed to have been obtained as the result of an 'unreasonable search or seizure' (see § 1538.5, subds. (a) and (f) . . .), and the magistrate grants the motion, the magistrate's ruling shall stand unless the People make a timely request in the superior court for 'a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing.'

"Section 1538.5, subdivision (j), thus describes only the *issue* which 'shall be relitigated de novo,' but it provides that this shall occur on 'request' by the People and not on 'motion.' It thus becomes apparent that the request operates to revive the original motion to suppress which the accused had successfully made at his preliminary examination, and that it is the original motion which is actually 'relitigated de novo' at the 'special hearing' conducted in the superior court at the People's 'request.' In the context of the present case, the matter 'relitigated de novo' at the hearing conducted before Judge Eymann [the second motion], on and after July 20, was defendant's motion to suppress which the magistrate had granted at his preliminary examination on June 22. This was accurately indicated at the hearing by counsel's references to defendant's 'motion to suppress,' and by Judge Eymann's subsequent ruling that the 'motion to suppress' was denied.

"These circumstances invoke the rule, pronounced in a variety of parallel contexts, that 'determination of a 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives that court of jurisdiction to reconsider the matter . . . .' (*Madril* v. *Superior Court* (1975) 15 Cal.3d 73, 77 . . . ; see also § 1538.5, subd. (m); *People* v. *Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 610-611 . . . ; *People* v. *Dubose* (1971) 17 Cal.App.3d 43, 47 . . . ; *People* v. *Superior Court* (*Green*) (1970) 10 Cal.App.3d 477, 479-482 . . . .) Judge Eymann made a 'determination of a 1538.5 motion . . . in the superior court,' and 'in the People's favor,' when he denied defendant's motion to suppress after it had been 'relitigated' at the People's request pursuant to section 1538.5, subdivision (j).

"After Judge Eymann had made this determination, defendant's sole remedy was to seek pretrial review by petitioning this court for extraordinary relief pursuant to section 1538.5, subdivision (i). (*People* v. *Brooks* (1980) 26 Cal.3d 471, 476-478 . . . .) He did not exercise that remedy. Judge Eymann's determination otherwise deprived the superior court of 'jurisdiction to reconsider the matter,' which means that the hearing conducted before Judge Jamar [the third motion], on defendant's purportedly renewed motion, was in excess of the court's jurisdiction and of no effect. (*Madril* v. *Superior Court, supra,* 15 Cal.3d 73 at p. 77.)" (*People* v. *Thomas, supra,* 141 Cal.App.3d at pp. 500-501, fn. omitted.)

Thus, *Thomas,* upon the procedural facts and record there involved, is clearly distinguishable from the instant case. Penal Code section 1538.5, subdivision (i) provides in pertinent part:

"If the offense was initiated by indictment or if the offense was initiated by complaint and no motion was made at the preliminary hearing, *the defendant shall have the right to fully litigate the validity of a search or seizure* on the basis of the evidence presented at a special hearing." (Italics added.) It cannot be argued that respondent's motion to suppress in the instant case was ever "fully litigated," or litigated at all, until the evidentiary hearing held on August 2, 1990, the hearing which appellant characterizes as the "Second Motion." *People* v. *Camilleri* (1990) 220 Cal.App.3d 1199, 1203 [269 Cal.Rptr. 862], is also instructive. There the court stated:

"Where a pretrial suppression motion has been fully litigated, the superior court lacks jurisdiction to entertain a second pretrial suppression motion. Penal Code section 1538.5, subdivision (h), only permits a second suppression motion at trial on the limited bases of lack of earlier opportunity or newly discovered grounds. (*People* v. *Nelson* (1981) 126 Cal.App.3d 978, 981-982 . . . , and cases there cited; *People* v. *Thomas* (1983) 141

Cal.App.3d 496, 501 . . . .) However, 'if the ineffectiveness of counsel infected the first suppression hearing, the defendant cannot be said to have had opportunity for "full determination" ' of the grounds to suppress evidence. (*People* v. *Superior Court (Corona)* (1981) 30 Cal.3d 193, 200 . . . .)" Again the court emphasizes a second pretrial suppression motion is precluded "where a pretrial suppression motion has been fully litigated."

Upon the record now before us, we see no bar to the trial court's allowing respondent's second suppression motion. Respondent's first suppression motion was never fully litigated and was denied "without prejudice." Appellant never objected to the filing of or the evidentiary hearing held pursuant to respondent's second motion to suppress. Upon these facts, we conclude the trial court was not without jurisdiction to allow the hearing and appellant's argument must fail.

## II

At the conclusion of respondent's second suppression motion, as described and discussed in issue I, above, the trial court granted respondent's motion to suppress evidence of the marijuana found hidden in the motor compartment of his vehicle and dismissed the information. Appellant, the People, contends that a search warrant was not required for the search or seizure of the duffel bag of marijuana because it was hidden in a mobile vehicle and the investigating sheriff's deputies had probable cause to believe the bag contained contraband and was itself evidence of a crime.

██ Respondent's sole argument in support of his suppression motion was that a search warrant was required to search the duffel bag because it was a closed container. The trial court granted respondent's motion to suppress, stating the court had read *People* v. *Acevedo* (1989) 216 Cal.App.3d 586 [265 Cal.Rptr. 23], citing in particular pages 592 and 593, and concluded "I think they are dispositive." Appellant responds that the trial court's decision was wrong as a matter of law. Appellant also notes that the United States Supreme Court granted certiorari in *Acevedo*. Subsequent to the filing of appellant's and respondent's briefs in the instant case, the United States Supreme Court filed its decision in *California* v. *Acevedo* (1991) 500 U.S. __ [114 L.Ed.2d 619, 111 S.Ct. 1982]. In view of that decision, discussed below, we will reverse the trial court's order granting respondent's motion to suppress and remand to the trial court for further proceedings.

Prior to the United States Supreme Court's granting certiorari in *Acevedo*, two separate lines of Supreme Court cases and two separate rules governed the warrantless search of a container found in a vehicle. *United States* v. *Ross*

(1982) 456 U.S. 798 [72 L.Ed.2d 572, 102 S.Ct. 2157] held that if police have probable cause to search a *vehicle* suspected of containing contraband, they have probable cause to search the entire vehicle, including any closed containers found anywhere within the vehicle. On the other hand, *United States* v. *Chadwick* (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476] and *Arkansas* v. *Sanders* (1979) 442 U.S. 753 [61 L.Ed.2d 235, 99 S.Ct. 2586] held that if the probable cause relates only to a *particular container in the automobile,* then the container cannot be searched without a warrant. However, the problem has now been resolved by the court's recent opinion in *California* v. *Acevedo,* decided May 30, 1991, in which the high court essentially overruled the *Chadwick-Sanders* line of authority.

The facts of *Acevedo* are not essential to understanding the issue presented and the high court's ruling. Defendant Acevedo obtained a sackful of marijuana while being observed by law enforcement officers and proceeded to drive away in his vehicle. It was not disputed that the officers had probable cause to believe the sack contained marijuana but did not have probable cause to believe the vehicle otherwise contained any contraband. The officers stopped defendant in his vehicle, searched the bag without first obtaining a search warrant, seized the marijuana and arrested and charged defendant. Defendant's motion to suppress was denied in the trial court, he pleaded guilty to possession for sale and the appellate court reversed based upon the rule of *United States* v. *Chadwick, supra.* The California Supreme Court denied the People's petition for review and the United States Supreme Court granted certiorari. The court articulated the question presented as follows:

"We must now decide the question deferred in *Ross*: whether the Fourth Amendment requires the police to obtain a warrant to open the sack in a movable vehicle simply because they lack probable cause to search the entire car. We conclude that it does not." (*California* v. *Acevedo, supra,* 500 U.S. __, __ [114 L.Ed.2d 619, 630, 111 S.Ct. 1982, 1988].) Citing *Carroll* v. *United States* (1925) 267 U.S. 132, 151 [69 L.Ed. 543, 550-551, 45 S.Ct. 280, 39 A.L.R. 790], the court stated:

"In *Carroll,* this Court established an exception to the warrant requirement for moving vehicles, for it recognized 'a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' 267 U.S., at 153, 45 S.Ct., at 285." (*California* v. *Acevedo, supra,* 500 U.S. __, __ [114

L.Ed.2d 619, 627, 111 S.Ct. 1982, 1985].) Then, after a historical review and analysis of *Chadwick* and *Ross*, and their progeny, the court concluded:

"Until today, this Court has drawn a curious line between the search of an automobile that coincidentally turns up a container and the search of a container that coincidentally turns up in an automobile. The protections of the Fourth Amendment must not turn on such coincidences. We therefore interpret *Carroll* as providing one rule to govern all automobile searches. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.

"The judgment of the California Court of Appeal is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion." (*California* v. *Acevedo, supra*, 500 U.S. __, __ [114 L.Ed.2d 619, 634, 111 S.Ct. 1982, 1991].)

In the instant case, the trial court, while adhering to the *Chadwick* rule in granting respondent's motion to suppress, concluded that "Chadwick is an anomaly in the law . . ." and correctly forecast "I quite frankly think that sooner or later it will go back and it will get changed . . . ."

The trial judge was right, of course, and *Chadwick* and the Court of Appeal decision in *Acevedo*, upon which he relied, are no longer the rule or controlling in the instant case. Here, trial counsel did not argue nor did the trial court find that Deputy Schwartz did not have probable cause to believe the small duffel bag secreted under the hood of respondent's vehicle contained contraband. Rather, the suppression motion was argued by defense counsel exclusively on the application of the then viable *Chadwick* rule to the instant facts. Defense counsel conceded there was probable cause to search:

"[Defense counsel]   We've got a private search here, but we also have a search by governmental agencies and all the private search did is to give rise to probable cause. And the contraband was not exposed to public view when the officers arrived on the scene.

"Based on the private search, *they had probable cause to search.*

"It was incumbent upon them at that time to obtain a warrant.

"And they did not.

"And I would submit that the marijuana must be suppressed." (Italics added.) We agree with respondent's counsel below that the officers had

probable cause to search, and in view of the United States Supreme Court's recent opinion in *Acevedo*, the trial court's order granting respondent's suppression motion and dismissing the information must be reversed.

The judgment of dismissal and the order granting respondent's motion to suppress evidence are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Harris, J., and Buckley, J., concurred.