[Crim. No. 27201. Second Dist.. Div. Two. Feb. 11. 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES E. LANKFORD, Defendant and Appellant.

**Counsel**

Glenn S. Buzard, under appointment by the Court of Appeal, and Buzard, Larson & McIntyre for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

COMPTON, J.—Defendant appeals from a judgment of conviction entered after a jury found him guilty of two counts of first degree robbery.

Since defendant does not attack the sufficiency of the evidence we need not set forth the circumstances of the crimes other than that defendant was positively identified as one of the perpetrators of two such robberies committed on March 4 and April 11, 1974, against operators of liquor stores in the San Fernando Valley. Defendant was tried separately from his accomplices.

## PROCEEDINGS UNDER PENAL CODE
## SECTION 1538.5

Officer Hurley of the Los Angeles Police Department was assigned as the investigator of the two robberies in question. In the course of his investigation he learned that at least two persons were involved. Witnesses to the robberies identified photographs of defendant as one of the robbers.

On May 11, 1974, an attorney for defendant's wife contacted Officer Hurley by telephone. Mrs. Lankford was with the attorney at the time and advised Officer Hurley that defendant had been involved in a series of robberies along with two other men. This comported with Hurley's information. Mrs. Lankford identified the other two men as Greg Lewis and Tim Tomassi.

She went on to state that the three men were at that time at a specific location preparing to commit another robbery that day and they were armed. Officer Hurley checked the records of the police department and discovered that both Lewis and Tomassi had records and their description tallied with those given by Mrs. Lankford.

Officer Hurley, along with several other officers, then went to the location described by Mrs. Lankford and saw the defendant backing out of the driveway. Defendant was apprehended. The officers surrounded the house and ordered the occupants to come out. Tomassi exited the house, but not Lewis.

Officer Hurley entered the house to locate Lewis. He did not find him, but he did observe in plain sight, a black derby hat, two handguns and a blue levi jacket, objects similar to those observed by witnesses to the robberies.

At the time of the preliminary hearing, the magistrate suppressed the above items of evidence as being the product of an unreasonable seizure. Defendant was, however, held to answer and an information was filed June 17, 1974. Defendant was arraigned on that date and on July 2, 1974, pleaded not guilty. Trial was set for August 27, 1974.

A minute order of March 5, 1975, reflects for the first time[1] a motion under subdivision (j) of Penal Code section 1538.5.[2] That motion by the People was granted and the previously suppressed evidence was permitted to be used at trial.

■    Defendant contends that it was error to grant the People's motion to admit the evidence for the reason that (1) it was not made within the 10-day period required by the statute, and (2) the search and seizure, in any event, was unreasonable.

In the trial court defendant did not object to the court entertaining the People's motion to relitigate the suppression issue but now argues that the time limit is jurisdictional and no waiver on his part could confer jurisdiction on the trial court. (*Gomes* v. *Superior Court,* 272 Cal.App.2d 702, at p. 704 [77 Cal.Rptr. 539]; *People* v. *Superior Court (Sandoval)* 29 Cal.App.3d 135, at p. 139 [105 Cal.Rptr. 268].) Those cases, in dealing with subdivisions (o) and (n) pertaining to review of suppression rulings by way of extraordinary writ in the appellate courts, held that the time limit imposed on seeking such review was jurisdictional.

The Attorney General argues that inasmuch as the failure to object to the admissibility of evidence on the grounds of unreasonable search and seizure amounts to a waiver and bars appellate review of the claim (*People* v. *Gallegos,* 4 Cal.3d 242 [93 Cal.Rptr. 229, 481 P.2d 237]) defendant's failure to object to the hearing here should also constitute a waiver. That rule is inapplicable to the present proceeding.

In the case at bar defendant did interpose an objection to the evidence at the preliminary hearing and the evidence was suppressed. The burden

[1]Inasmuch as the People rely on the validity of the motion, it was incumbent upon the People to demonstrate by an appropriate record that the motion was made at an earlier time, if that be the fact. We will not infer from a silent record that the motion was in fact made within the statutory period.

[2]Penal Code section 1538.5, subdivision (j), provides in part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people within 10 days after the preliminary hearing request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing, and the defendant shall be entitled, as a matter of right, to a continuance of the special hearing for a period of time up to 30 days."

then shifted to the People to pursue their available remedies. Those remedies are to be found in Penal Code section 1538.5, subdivision (j).

Penal Code section 1538.5, subdivision (j), provides, in addition to appellate review, three ways in which the People in a felony proceeding may seek relief from the binding effect of an order for suppression of evidence.

If the magistrate at the preliminary hearing grants a motion to suppress and the defendant is not held to answer, the People may file a new complaint or seek an indictment and the previous order for suppression is of no binding effect.

If the order for suppression of evidence is made in the superior court, the People ". . . if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause *at the trial* why such evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding, . . ." (Pen. Code, § 1538.5, subd. (j).) (Italics added.),

Recognizing the intent of the Legislature to reduce judicial time and effort spent in litigating and relitigating the suppression issue, the Supreme Court in *Madril v. Superior Court,* 15 Cal.3d 73, at pages 77-78 [123 Cal.Rptr. 465, 539 P.2d 33], held that ". . . determination of a 1538.5 motion at a special hearing in the superior court—whether in the defendant's or in the People's favor—deprives that court of jurisdiction to reconsider the matter unless the People, pursuant to subdivision (j), seek to reopen the matter *at trial* upon a showing of good cause."

A third avenue open to the People, and which is applicable to the case at bench, is that portion of subdivision (j) whereby the People may after a defendant is held to answer for a felony crime, seek a special hearing in the superior court and relitigate, de novo, an order of suppression issued by the magistrate at the preliminary hearing. *Madril* did not address that provision.

Under *Madril,* once the hearing is held and the motion determined in the superior court, the determination is binding unless at trial subdivision (j) is further invoked. The issue presented here is whether the superior court loses jurisdiction to entertain the motion if for any reason the motion is not made within 10 days after the preliminary hearing.

In *People* v. *Belknap,* 41 Cal.App.3d 1019 [116 Cal.Rptr. 664], the Court of Appeal determined that the People could not avoid the binding effect of a magistrate's order suppressing evidence by the device of dismissing the information and starting afresh after unsuccessfully moving under subdivision (j) in the superior court.

As this court observed in *People* v. *Manning,* 33 Cal.App.3d 586, at page 594 [109 Cal.Rptr. 531], Penal Code section 1538.5 ". . . was calculated to provide an orderly and complete scheme for pretrial determination of suppression motions and for appellate review of rulings on those motions. It specifies, as to each step in both felony and misdemeanor procedure, the times when such motions may be made, how they shall be heard and determined, the consequences of the trial court's ruling one way or the other, and the avenue for appellate review of the ruling at the behest of either the defendant or the People."

Also in *Manning,* it was stated that the section (Pen. Code, § 1538.5) contemplated, as to motions made thereunder, that the general rules of prevailing motion practice would apply. Thus the formalities of notice and service may be waived. (Witkin, Cal. Criminal Procedure, § 22; 4 Witkin, Cal. Procedure (2d ed.) pp. 2679-2692.)

The 10-day limitation set forth in subdivision (j), however, is more than a requirement of notice, it sets a time limit upon when the motion may be made. In that regard it is comparable to the time limits established for the seeking of appellate review. The procedure, in fact, is a form of appellate review in the superior court of the magistrate's order.

We conclude that it was error to entertain the People's motion under subdivision (j) since after the lapse of the 10-day period the superior court lacked jurisdiction to do so.

That error, however, does not compel a reversal. The evidence of defendant's guilt was so overwhelming, no different result was probable even without the introduction of the evidence previously suppressed by the magistrate. (Cal. Const., art. VI, § 13.) The derby hat was not connected to defendant. The levi jacket was simply described as similar to one worn by one of the robbers and there was other evidence that defendant had possessed hand guns.

## The Testimony Of Defendant's Wife

■ At the preliminary hearing in this matter defendant's wife, on the record and after careful questioning by the magistrate, waived her privilege under Evidence Code section 970[3] and testified to her husband's association with Lewis and Tomassi and to observing them in possession of guns in the house where they were ultimately arrested.

Prior to her testimony at the *trial* a hearing was held under Evidence Code section 402 to determine if her previous waiver was voluntary. If it was determined that her testimony at the preliminary hearing was not improperly compelled, then according to Evidence Code section 973, she waived her privilege for all future proceedings in the action.

At the hearing under section 402 of the Evidence Code the wife attempted to establish that her previous waiver was coerced and not voluntary.[4] Her testimony in this regard was refuted by substantial evidence produced by the prosecution. The trial court found as a fact that the waiver was voluntary. That finding is well supported by the record and like other findings of fact is binding on us. (*People* v. *Manning, supra; People* v. *Robinson,* 274 Cal.App.2d 514 [79 Cal.Rptr. 213]; *People* v. *Allen,* 275 Cal.App.2d 428 [79 Cal.Rptr. 793].[5])

## The Verdict Forms

■ After the jury had deliberated for about a day and a half the trial court, on motion of defendant, excused one juror and replaced her with an alternate. Later that day the jury returned verdicts finding defendant guilty on both of the counts charged against him. The jury was polled as to each count separately and all 12 jurors agreed to the verdicts.

It developed that the written verdict form returned to the court as to count I was dated the previous day. The form as to count II bore the date that both verdicts were returned. Defendant contends that the earlier

---

[3]Evidence Code section 970 provides: "Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding."

[4]No claim was made that the magistrate in any way coerced the waiver. The coercion and lack of voluntary consent was attributed to police, the witnesses' subjective fear of the consequences and her use of drugs.

[5]The privilege is personal to the witness. (*People* v. *Chavez,* 262 Cal.App.2d 422 [68 Cal.Rptr. 759].) In view of the determination that the waiver was proper, we need not confront the issue of defendant's standing to raise the issue if in fact the waiver was improperly compelled.

date on count I indicates it was arrived at before the alternate juror became a member of the panel and as a consequence both counts must be reversed. We disagree.

Defendant may not complain of the excusing of a juror at his request and there is nothing in the record to indicate any misconduct on the part of any juror, including the one that was excused.

The ultimate verdicts that were returned and agreed to in open court were products of the jury as it was constituted after the seating of the alternate. The unanimity of the verdict is not affected by the use of an alternate juror who was a potential member of the panel from the beginning. (*People* v. *Burns,* 84 Cal.App.2d 18 [189 P.2d 868]; *People* v. *Lanigan,* 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176].) The verdicts that were rendered were the unanimous decision of 12 competent jurors that heard all the evidence and the court's instructions. The fact that the foreman may have misdated one form does not require a setting aside of either verdict.

The oral declaration of the jurors endorsing the result is the true return of the verdict. There is no requirement that the verdict be in written form. (Pen. Code, § 1149; *People* v. *Mestas,* 253 Cal.App.2d 780 [61 Cal.Rptr. 731].) Even if it be true that the jury had previously reached a verdict on one of the counts before the seating of the alternate, it would have been only a tentative verdict and would not affect the validity of the verdict which was returned to the court if that latter verdict was the unanimous decision of the jury as it was then constituted.

We have examined the other contentions made by defendant and find them to be totally lacking in merit and requiring no discussion. Defendant was fairly tried and no miscarriage of justice occurred. (Cal. Const., art. I, § 13.)

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1976.