32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wahid Y. SARTAWI, Plaintiff-Appellant,
v.
Al GOMEZ, Defendant-Appellee.
 No. 93-17023.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided July 25, 1994.
 
 1
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 California state prisoner Wahid Sartawi appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, which challenged his convictions for voluntary manslaughter and assault with a deadly weapon. We affirm.
 
 I. Double Jeopardy
 
 4
 Sartawi argues he was subjected to double jeopardy when the trial court allowed the newly constituted jury to deliberate his guilt or innocence after the original jury had already decided to acquit him on the second count in the indictment. We do not agree.
 
 
 5
 The original jury's not guilty verdict on count two against Sartawi never became "complete." It was not read in open court. The original jury never acknowledged it as its verdict and it was not recorded. Cal.Penal Code Secs. 1147, 1149, 1164; People v. Thornton, 155 Cal.App.3d 845, 852-55, 202 Cal.Rptr. 448, 451-53 (1984); People v. Peavey, 126 Cal.App.3d 44, 49, 178 Cal.Rptr. 520, 523 (1981); People v. Lankford, 55 Cal.App.3d 203, 211, 127 Cal.Rptr. 408, 413 (1976). Under the California rules and precedents, it had no legal effect.[1] See Thornton, 155 Cal.App.3d at 856, 857-58, 202 Cal.Rptr. at 454. It did not serve as acquittal and it did not terminate Sartawi's original jeopardy. Since his original jeopardy was not terminated before the new jury rendered its verdict on count two, Sartawi was not shielded from the effect of that verdict by the protections of the Double Jeopardy Clause. Richardson v. United States, 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984).
 
 
 6
 It is equally clear that the dismissal of Ms. Mendez from the jury panel did not violate Sartawi's rights under the Double Jeopardy clause. To be sure, the Double Jeopardy clause embraces Sartawi's "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949); United States v. Gay, 967 F.2d 322, 324 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992).
 
 
 7
 Nonetheless, the replacement of sworn jurors with alternates is not, in general, an event which terminates jeopardy. United States v. Trigg, 988 F.2d 1008, 1010 (9th Cir.1993); see United States v. Echavarria-Olarte, 904 F.2d 1391, 1394-95 (9th Cir.1990) (discussing permissible procedures under Fed.R.Crim.P. 24(c)). Thus, it cannot offend the Double Jeopardy Clause. Moreover, the replacement of jurors with properly selected alternates does not destroy the unity of the original jury. It does not trench upon a defendant's right to have his trial completed by a particular tribunal. Trigg, 988 F.2d at 1010; see Cal.Penal Code Secs. 1089, 1123 (repealed 1988); Cal.Civ.Proc.Code Sec. 233; People v. Johnson, 200 Cal.App.3d 1553, 1563, 247 Cal.Rptr. 767, 773 (1988); People v. Hohensee, 251 Cal.App.2d 193, 203-04, 59 Cal.Rptr. 234, 241 (1967); see also People v. Collins, 17 Cal.3d 687, 696-97, 552 P.2d 742, 748-49, 131 Cal.Rptr. 782, 788-89 (1976), cert. denied, 429 U.S. 1077, 97 S.Ct. 820, 50 L.Ed.2d 796 (1977); cf. Thornton, 155 Cal.App.3d at 855, 202 Cal.Rptr. at 453.
 
 II. Due Process and the Sixth Amendment
 
 8
 Sartawi complains that the trial court's erroneous replacement of Ms. Mendez violated his Fifth Amendment right to due process and his Sixth Amendment right to have his trial completed by a fair and impartial jury.
 
 
 9
 We have held that California's juror substitution procedures, when properly followed, do not violate the Sixth Amendment. Miller v. Stagner, 757 F.2d 988, 995 (9th Cir.1985), cert. dismissed, 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986); see Collins, 17 Cal.3d at 692-94 & n. 3, 552 P.2d at 745-46 & n. 3, 131 Cal.Rptr. at 785-86 & n. 3 (Cal.Penal Code Sec. 1089 offends neither the state nor federal constitution). The trial court dismissed Mendez because she violated a court order by attempting to contact defense counsel. The trial judge had warned the jurors not to discuss the case with nonjurors. Thus, when it learned that Mendez had attempted to contact defense counsel, the court found that she had knowingly violated its order. Mendez's knowing violation of the court's order constituted "serious and willful misconduct." The trial court acted within its discretion in dismissing her. Cal.Civ.Proc.Code Sec. 233;[2] People v. Daniels, 52 Cal.3d 815, 865-66, 802 P.2d 906, 930-31, 277 Cal.Rptr. 122, 146-47, cert. denied, --- U.S. ----, 112 S.Ct. 145, 116 L.Ed.2d 111 (1991); People v. Guzman, 66 Cal.App.3d 549, 558-59, 136 Cal.Rptr. 163 (1977). Since the trial court properly dismissed Mendez under the California juror substitution statutes, the dismissal was constitutionally firm.
 
 
 10
 It is not constitutionally significant that the juror substitution occurred after the jury had begun deliberations. While federal jurors may not be substituted after deliberations begin, Fed.R.Crim.P. 24(c), the California rule is to the contrary, see Cal.Civ.Proc.Code Sec. 233; Cal.Penal Code Sec. 1089; Collins, 17 Cal.3d at 691, 552 P.2d at 744-45, 131 Cal.Rptr. at 784-85. But the federal rule is just a quirk of federal procedure, not a constitutional mandate. "The replacement of jurors with alternates has been held constitutional even when the substitution is made after jury deliberations have begun." Trigg, 988 F.2d at 1010.
 
 
 11
 Sartawi argues that Mendez was dismissed without a proper hearing. The record indicates otherwise. The trial court's summary hearing yielded sufficient evidence to demonstrate that Mendez had knowingly attempted to violate a court order not to discuss the case with nonjurors. The record contains substantial evidence to support the judge's finding that there was "good cause" to believe that Mendez was unable to perform her duties as a juror. See People v. Burgener, 41 Cal.3d 505, 519-20, 714 P.2d 1251, 1259-60, 224 Cal.Rptr. 112 (1986); People v. Manriquez, 59 Cal.App.3d 426, 432, 130 Cal.Rptr. 585, 588-89 (1976), cert. denied, 429 U.S. 1003, 97 S.Ct. 536, 50 L.Ed.2d 615 (1976).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sartawi would have this court decide that the verdict is actually complete before it is announced, acknowledged, and recorded. He would, thus, have this court change a rule that has been in place for centuries. See, e.g., 3 Edward Coke, Institutes of the Laws of England 110 (Brooke ed. 1797) (1644); 2 Matthew Hale, History of the Pleas of the Crown 300 (1736) (1680); Thomas Wood, Institutes of the Laws of England 601 (5th ed. 1734) (1722). This we decline to do
 
 
 [2]
 This language is identical to the provisions of the former Cal.Penal Code Sec. 1123 (repealed 1988). Cal.Civ.Proc.Code Sec. 233 replaced the repealed penal code section and applies equally to criminal trials. People v. Ramirez, 50 Cal.3d 1158, 1174, 791 P.2d 965, 974-75, 270 Cal.Rptr. 286, 295-96 (1990), cert. denied, 498 U.S. 1110, 111 S.Ct. 1025, 112 L.Ed.2d 1107 (1991)