53 P.3d 1204

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Walter T. OKUBO, Defendant–Appellant.**

**No. 23637.**

Intermediate Court of Appeals of Hawai'i.

July 11, 2002.

Certiorari Denied Aug. 12, 2002.

Matthew S. Kohm, on the briefs, Pukalani, for defendant-appellant.

Tracy A. Jones, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellee.

WATANABE, Acting C.J., LIM and FOLEY, JJ.

Opinion of the Court by FOLEY, J.

 Defendant–Appellant Walter T. Okubo (Okubo) appeals from the July 7, 2000 Judgment[1] entered by the Circuit Court of the Second Circuit (the circuit court).[2] Okubo contends that (1) the circuit court committed plain error by not obtaining an on-the-record waiver of spousal testimonial immunity from his wife, Darien Okubo (Darien); (2) the State engaged in prosecutorial misconduct for eliciting privileged material from Darien without a waiver; and (3) Okubo was denied the right to effective assistance of counsel. We disagree with Okubo's conten-

---

1. The Judgment states that Okubo both pled guilty to and was found guilty of Counts I through III; the record clearly states Okubo was found guilty of the three charges by a jury. The circuit court is hereby ordered to file an Amend-

ed Judgment deleting the "√ GUILTY" language under the section entitled "DEFENDANT'S PLEA."

2. The Honorable Artemio C. Baxa presided.

tions and affirm the July 7, 2000 Judgment of the circuit court.

## I. Background

By indictment filed June 7, 1999, Okubo was charged with the following:

Count One: Unauthorized Entry into Motor Vehicle, in violation of Hawaii Revised Statutes (HRS) § 708–836.5 (2001); [3]

Count Two: Theft in the Third Degree, in violation of HRS § 708–832(1)(a) (1993); [4]

Count Three: Criminal Property Damage in the Fourth Degree, in violation of HRS § 708–823(1) (1993).[5]

At Okubo's jury trial, Aloha Bowling Center manager Michael Kaahea (Kaahea) testified he was working at the bowling alley on April 24, 1998. At approximately 8:00 p.m., he looked out a window and observed a car (Nissan) parked in the area reserved for employees. Kaahea checked again two or three minutes later, and the Nissan was parked further back with its blinkers on. When Kaahea went out to inform the Nissan's driver that parking was prohibited in that area, he saw an individual (John Doe) "grabbing stuff" from inside Kaahea's friend's truck (truck) and moving the "stuff" into the Nissan. Kaahea observed John Doe taking "boxes, tools and stuff and wires and things, just grabbing—just was grabbing." Kaahea yelled at the Nissan's driver, who was about two feet away from Kaahea, that what they were doing was wrong. Kaahea identified Okubo with one hundred percent certainty as the driver of the Nissan. John Doe and Okubo started putting the stuff back in the truck, and Kaahea ran back into the bowling alley to call the police. Kaahea identified the license plate on the Nissan as MXX 008.

Maui County Police Officer Kenneth Prather (Officer Prather) testified that on April 24, 1998, he responded to an alleged vehicle break-in call at the Aloha Bowling Center. Officer Prather observed that the truck's lock appeared to have been "punched" (something he had observed "upwards of a hundred times" in vehicle break-in cases) and there were papers and electrical fittings strewn about in the parking lot. Officer Prather performed a check on license plate number MXX 008, which came back as a vehicle registered to Darien.

Darien testified that on April 24, 1998 she was the registered owner of the Nissan bearing the license plate MXX 008, and she believed Okubo was using the Nissan on that date. Okubo used the Nissan every day to go to work and "wherever he needs."

Okubo was convicted as charged and timely appealed.

## II. Spousal Immunity

■ Okubo contends the circuit court reversibly erred by failing to obtain an on-the-record waiver of spousal testimonial immunity from Darien. Okubo contends this court should adopt a rule requiring trial courts to inform spousal witnesses of the privilege and obtain a knowing, intelligent, and voluntary waiver prior to their testimony. We disagree.

---

**3.** In 1998, HRS § 708–836.5 provided as follows:

**§ 708–836.5 Unauthorized entry into motor vehicle.** (1) A person commits the offense of unauthorized entry into motor vehicle if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle with the intent to commit a crime against a person or against property rights.

(2) Unauthorized entry into motor vehicle is a class C felony.

**4.** HRS § 708–832 provides as follows:

**§ 708–832 Theft in the third degree.** (1) A person commits the offense of theft in the third degree if the person commits theft:

(a) Of property or services the value of which exceeds $100; or

(b) Of gasoline, diesel fuel or other related petroleum products used as propellants of any value not exceeding $200.

(2) Theft in the third degree is a misdemeanor.

**5.** HRS § 708–823 provides as follows:

**§ 708–823 Criminal property damage in the fourth degree.** (1) A person commits the offense of criminal property damage in the fourth degree if the person intentionally damages the property of another without the other's consent.

(2) Criminal property damage in the fourth degree is a petty misdemeanor.

Spousal privilege is set forth in Hawai'i Rules of Evidence (HRE) Rule 505 as follows:

> **Rule 505 Spousal privilege.** (a) Criminal Proceedings. In a criminal proceeding, the spouse of the accused has a privilege not to testify against the accused. This privilege may be claimed only by the spouse who is called to testify.
>
> (b) Confidential marital communications; all proceedings.
>
> > (1) Definition. A "confidential marital communication" is a private communication between spouses that is not intended for disclosure to any other person.
> >
> > (2) Either party to a confidential marital communication has a privilege to refuse to disclose and to prevent any other person from disclosing that communication.
>
> (c) Exceptions. There is no privilege under this rule (1) in proceedings in which one spouse is charged with a crime against the person or property of (A) the other, (B) a child of either, (C) a third person residing in the household of either, or (D) a third person committed in the course of committing a crime against any of these, or (2) as to matters occurring prior to the marriage.

The present HRE Rule 505 supersedes two previous Hawai'i statutes: HRS §§ 621–18 (1976) (repealed 1980) and 621–19 (1976) (repealed 1980). The Commentary to HRE Rule 505 states:

> The present rule recodifies and clarifies the two superseded Hawaii statutes. It also derives in part from Uniform Rule of Evidence 504 and the U.S. Supreme Court proposal for federal Rule 505. . . . Subsection (a), applicable only in criminal cases, follows the recent holding of the U.S. Supreme Court in *Trammel v. United States,* 4[4]5 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)[.]

In *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), the Supreme Court held:

> Our consideration of the foundations for the privilege and its history satisfy us that "reason and experience" no longer justify so sweeping a rule as that found acceptable by the Court in *Hawkins [v. United States,* 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) (the testimony of one spouse against the other barred unless both consent)]. Accordingly, we conclude that the existing rule should be modified so that the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying.

445 U.S. at 53, 100 S.Ct. at 914.

The House Judiciary Committee, in proposing the current language in HRE Rule 505, stated that although the holding in *Trammel* "may be mandatory only in the federal courts, it is expected to have persuasive impact on the states or on state courts." Hse. Stand. Comm. Rep. No. 712–80, in 1980 House Journal, at 1609.

Okubo relies on *State v. Adamson,* 72 Ohio St.3d 431, 650 N.E.2d 875 (1995), for its holding that a testifying spouse is incompetent to testify unless the spouse elects to waive that privilege. In *Adamson,* the Supreme Court of Ohio, in finding the trial court committed reversible plain error when it failed to inform the spouse that it was her choice whether or not to testify and that the court could not force her to do so, stated:

> [T]he trial court ignored the level of protection the Rules of Evidence provide. While Evid.R. 601 was amended in 1991 to allow the spouse the decision as to whether to testify against the accused spouse (the decision formerly lay with the accused), the rule still contains important protections for the accused, since it deals with the competency of persons testifying against him.
>
> The rule requires that the testifying spouse *elect* to testify against her spouse. An election is "[t]he choice of an alternative[;][t]he internal, free, and spontaneous separation of one thing from another, without compulsion, consisting in intention and will." Black's Law Dictionary (5 ed. 1990) 517. Thus, under Evid.R. 601(B), a spouse remains incompetent to testify until she makes a deliberate choice to testify, with knowledge of her right to refuse.

72 Ohio St.3d at 434, 650 N.E.2d at 877 (emphasis in original).

Ohio does not have spousal privilege analogous to HRE Rule 505. The *Adamson* court addressed spousal testimony pursuant to the Ohio Rules of Evidence Rule 601, which provides in relevant part:

EVID R 601 GENERAL RULE OF COMPETENCY

Every person is competent to be a witness except:

(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.

(B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:

(1) a crime against the testifying spouse or a child of either spouse is charged;

(2) the testifying spouse elects to testify.

Under Ohio Rules of Evidence Rule 601, the spouse testifying against the spouse charged with a crime is first presumed incompetent. Hawai'i Rules of Evidence Rule 505 does not have this presumption.

Appellate courts in jurisdictions (other than Ohio) with spousal privileges similar to Hawai'i's HRE Rule 505 have ruled that the privilege is waived if not asserted, with no express waiver or in-court colloquy being required. *United States v. Figueroa–Paz,* 468 F.2d 1055 (9th Cir.1972); *United States v. Lilley,* 581 F.2d 182 (8th Cir.1978); *State v. Ward,* 483 So.2d 578 (La.1986); *People v. Resendez,* 12 Cal.App.4th 98, 15 Cal.Rptr.2d

575 (1993).[6] In *Resendez,* the California Court of Appeal wrote:

We are unaware of any obligation borne by the trial court (or, for that matter, by any party to a proceeding, including a spouse) to sua sponte advise a witness (a) of the existence of the privileges here in issue and/or (b) of the potential loss of those privileges under the provisions of Evidence Code section 973. Further, defendant has cited no authority for such a proposition. These privileges are not constitutionally mandated and/or protected. Consequently, we hold that Evidence Code section 973 is operative even though a witness spouse has not first been advised by the trial court (or by a party to the proceeding, including the other spouse) (a) of his or her privileges under Evidence Code sections 970 and 971 and (b) of the potential loss of those privileges under the provisions of Evidence Code section 973.[6]

---

6. It is true that in *People v. Lankford* (1976) 55 Cal.App.3d 203 [127 Cal.Rptr. 408] (disapproved on other grounds in *People v. Collins* (1976) 17 Cal.3d 687, 695, fn. 4 [131 Cal.Rptr. 782, 552 P.2d 742] ) [sic], the magistrate (prior to the wife's testifying at a preliminary hearing) carefully questioned the wife concerning the consequent loss of her privileges insofar as any future trial in the same overall criminal proceeding was concerned. (55 Cal.App.3d at p. 210, 127 Cal.Rptr. 408.) However, there is nothing in that opinion which suggests that such a "screening" is *required* by the law.

12 Cal.App.4th at 108–09, 15 Cal.Rptr.2d at 580 (emphasis in original).

California Evidence Code § 970 and HRE Rule 505(a) are similar in that the spouse testifying against his or her spouse in a criminal proceeding is the holder of the privilege and "failure by the holder to assert the privilege by objection, or a voluntary revela-

---

**6.** The court in *Resendez,* 12 Cal.App. 4th at 105, 15 Cal.Rptr.2d at 578, stated:

The following statutory provisions, all contained in the Evidence Code, pertain to our analysis of defendant's contention:

(1) Section 970: "Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding."

(2) Section 971: "Except as otherwise provided by statute, a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding without

the prior express consent of the spouse having the privilege under this section unless the party calling the spouse does so in good faith without knowledge of the marital relationship."

(3) Section 973, subdivision (a): "Unless erroneously compelled to do so, a married person who testifies in a proceeding to which his spouse is a party, or who testifies against his spouse in any proceeding, does not have a privilege under this article in the proceeding in which such testimony is given."

tion by the holder of the communication, or of a material part, is a waiver." 1 Charles McCormick, *McCormick on Evidence* § 83 (4th ed.1992) (footnote omitted).

> If the holder proceeds to answer the question and discloses the contents of a confidential communication,[385] there is a waiver. There can be a waiver even if neither the judge nor counsel advise the holder of the existence of the privilege.[386] In short, neither the judge nor counsel has to Mirandize the holder and warn the holder that an answer will waive the privilege.

---

385. *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851, 118 S.Ct. 141, 139 L.Ed.2d 89 (1997).

386. *People v. Resendez*, 12 Cal.App.4th 98, 15 Cal.Rptr.2d 575 (1993).

Edward J. Imwinkelried, *The New Wigmore: Evidentiary Privileges* § 6.12.4, at 913 (2002).

■ Hawai'i Rules of Evidence Rule 505(a) does not require an in-court colloquy or express waiver of the spousal privilege prior to the spouse's testifying against the criminal defendant spouse. Trial courts in Hawai'i are required to engage in on-the-record colloquies with criminal defendants when the waiver of fundamental constitutional rights is at issue. *See, e.g., Tachibana v. State*, 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995) (right to testify); *State v. Ibuos*, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993) (right to trial by jury); *State v. Vares*, 71 Haw. 617, 622–23, 801 P.2d 555, 558 (1990) (right to counsel).

The spousal privilege under HRE Rule 505(a) is not a constitutional right requiring an in-court colloquy or express waiver prior to a spouse's testifying against his or her spouse. Accordingly, the circuit court did not plainly err by failing to conduct an in-court colloquy with or obtain an express waiver from Darien prior to her testifying against Okubo.

### III. Prosecutorial Misconduct

Okubo contends the State engaged in prosecutorial misconduct by eliciting privileged material from Darien without a waiver. Specifically, Okubo argues that the State "should not have called a spousal witness to testify

without establishing the witness's ability to be a competent and willing deponent." This argument is without merit as stated in part II of this opinion.

### IV. Ineffective Assistance of Counsel

Okubo contends that denial of his fundamental right to effective assistance of trial counsel guaranteed by the Hawai'i and United States Constitutions mandates reversal.

■ The proper standard for claims of ineffective assistance of counsel on appeal is whether, "viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases." *Dan v. State*, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (internal quotation marks and brackets omitted).

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case *and* it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then [it] ... will be evaluated as ... information that ... an ordinarily competent criminal attorney should have had.

76 Hawai'i at 427, 879 P.2d at 532 (emphases, brackets, and ellipses in original) (quoting *Briones v. State*, 74 Haw. 442, 462–63, 848 P.2d 966, 976 (1993)). "[M]atters presumably within the judgment of counsel, like *trial strategy*, will rarely be second-guessed by judicial hindsight." *State v. Richie*, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (emphasis in original; internal quotation marks omitted).

■ Okubo points to his trial attorney's lack of presentation, preparation, and failure to investigate as indications of ineffective assistance of counsel warranting reversal. Specifically, Okubo complains that "trial counsel failed to address key components of the prosecution's case such as how the car could have been at the scene without Okubo." However, the record lacks evidence indicat-

ing as to what the additional alibi witnesses would have testified. "Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." *Richie*, 88 Hawai'i at 39, 960 P.2d at 1247.

▮ Okubo complains that his trial attorney failed to call necessary alibi witnesses. This claim is without merit. The record indicates that Okubo's attorney called Waiheu Golf Course Restaurant owner Vickie Walters, who testified that she was with Okubo the night of the incident and that Okubo left the golf course that evening between 8:30 p.m. and 9:00 p.m. Her testimony contradicted Kaahea's testimony that he observed the events at the bowling alley just before 8:00 p.m. Kaahea identified Okubo with one-hundred percent certainty as the driver of the Nissan. "The decision whether to call witnesses in a criminal case is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight." *State v. Aplaca*, 74 Haw. 54, 70, 837 P.2d 1298, 1307 (1992) (internal quotation marks omitted). There is nothing in the record to indicate that the decision of Okubo's trial attorney not to call additional alibi witnesses was anything but a strategic decision, and it will not be second-guessed on appeal.

▮ Okubo claims that his trial attorney "advised, urged and instructed him that he was not to testify." The record indicates the circuit court satisfied the requirements of *Tachibana v. State, supra*, by conducting an on-the-record colloquy with Okubo, thereby establishing on the record that Okubo understood and knowingly waived his right to testify.

▮ Okubo complains that his trial attorney was unprepared for trial because the attorney was in the process of relocating from Maui to O'ahu. The record contains no affidavit or other evidence in support of this contention. There is nothing in the record that indicates Okubo's attorney was not prepared for trial. Okubo's witness list included an investigator, defeating Okubo's unsubstantiated claim that his trial attorney failed to investigate. During Okubo's sentencing, the judge stated to him: "[Defense Counsel] had done the best she could. I don't know if there was anybody else, a defense attorney, who could have done any better than she did. I want you to know that." Okubo fails to demonstrate that the assistance provided by his attorney fell outside the range of competence demanded of attorneys in criminal cases.

## V. Conclusion

We affirm the July 7, 2000 Judgment of the Circuit Court of the Second Circuit without prejudice to Okubo filing a Hawai'i Rules of Penal Procedure Rule 40 petition on his ineffectiveness of counsel claims.